FITZWILLIAMS and husband, Plaintiffs and Appellants, v. O'SHAUGHNESSY and others, Defendants: LAUCK and another, Defendants and Respondents.

*No. 139. Argued September 5, 1968.—Decided October 1, 1968.*
(Also reported in 161 N. W. 2d 242.)

124

For the appellants there were briefs by *Wayne E. Rowlee*, attorney, and *Allan R. Kaatz* of counsel, both of Milwaukee, and oral argument by *Mr. Rowlee*.

For the respondents there was a brief by *Aberg, Bell, Blake & Metzner* of Madison, and oral argument by *Carroll E. Metzner*.

CONNOR T. HANSEN, J. The plaintiff, Georgia Fitzwilliams, is alleged to have been injured while a passenger in a car driven by defendant Marie Krzewinski when it was struck from the rear by a vehicle driven by defendant Carol A. O'Shaughnessy.

Subsequent to this collision the plaintiff was placed in an ambulance and as the ambulance proceeded down the highway it was involved in an accident in which the defendant Charles Lauck is alleged to have made an improper left turn in front of the ambulance. The plaintiff claims to have received further injuries as a result of this second accident.

Both accidents occurred on the same highway in Dane county. We know neither the distance nor the time interval between the two accidents. We do know that a sufficient period of time elapsed for the ambulance to arrive at the scene of the first collision, for the plaintiff to be transferred into the ambulance, and for the ambulance to proceed down the highway an unknown distance with its siren and emergency lights activated before the second collision occurred.

We are of the opinion that the trial court correctly decided that the complaint improperly joined two separate causes of action in that they do not affect all parties who have been joined as defendants.

This court has previously determined that sec. 263.04, Stats.,[1] permits the joinder of causes when the following appear:

" 'The causes (1) must affect all the parties to the action; (2) must not require different places of trial; (3) must be separately stated.' " *Caygill v. Ipsen* (1965),

---

[1] "263.04 **Uniting causes of action.** The plaintiff may unite in the same complaint several causes of action, whether they be such as were formerly denominated legal or equitable or both. But the causes of action so united must affect all the parties to the action and not require different places of trial, and must be stated separately."

27 Wis. 2d 578, 584, 135 N. W. 2d 284; *Whaling v. Stone Construction Co.* (1958), 5 Wis. 2d 113, 92 N. W. 2d 278.

In the case now under consideration, although the two collisions occurred in the same county, on the same highway and on the same day, it simply cannot be said that the causes of action stated by the plaintiff ". . . affect all the parties to the action."

The problem of improper joinder of causes of action was considered in *Caygill*. Admittedly, the case now under consideration can be factually distinguished from *Caygill*. However, the basic fact situation is similar and the general rules and principles enunciated therein are applicable and controlling in the instant case.

In *Hartwig v. Bitter* (1966), 29 Wis. 2d 653, 660, 661, 139 N. W. 2d 644, we confirmed the rule in *Caygill* that a cause of action must be viewed as a grouping of facts falling into a single unit or occurrence as a lay person would view them. Here we are confronted with two separate and distinct collisions. The fact that it appears that they occurred a relatively short distance from one another makes the two collisions no more a single unit or occurrence than if they had occurred some miles apart. There may be a situation where the acts are consecutive and closely enough related in time sequence to constitute one event and therefore permit a proper joinder of causes in action, but such is not the case now before us.

Appellants urge that one who has a collision with a vehicle could foresee that a person might be injured in that accident and ultimately ride in an ambulance which is subject to a subsequent collision. We are asked to determine that such a series of events is foreseeable and constitutes a single occurrence, thereby giving rise to but one cause of action. Such an approach to causation has long been laid to rest in Wisconsin. *Pfeifer v. Standard Gateway Theater, Inc.* (1952), 262 Wis. 229, 55 N. W. 2d 29.

The appellants also contend that the complaint alleges the injuries sustained by the plaintiff as a result of the two collisions are indivisible and that therefore the causes of actions should be joined. The respondents dispute the correctness of this assertion. However, assuming arguendo that the injuries sustained by the plaintiff are indivisible, this factor alone is not decisive as to the joinder of causes of action. *Caygill, supra,* pages 587–590, and authorities therein cited.

The appellants submit that if the causes of action could not be properly joined under sec. 263.04, Stats., then sec. 260.11 (1) [2] would permit such joinder. Appellants cite *Rogers v. Oconomowoc* (1962), 16 Wis. 2d 621, 115 N. W. 2d 635, for the proposition that sec. 260.11 (1) controls over sec. 263.04. However, *Rogers* and sec. 260.11 concern joinder of parties where a single controversy is involved. In *Rogers* we concluded that "the accident" was the subject of the controversy. In the case at bar we have two accidents and two separate controversies.

In conformity with prior opinions of this court we consider it to be self-evident that the parties are not barred from producing evidence arising out of either accident in either lawsuit that may be brought against the defendants individually as proof of, or in mitigation of, damages.

We conclude that the order sustaining the demurrer was properly entered.

*By the Court.*—Order affirmed.

---

[2] "260.11 **Who as defendants.** (1) Any person may be made a defendant who has or claims an interest in the controversy adverse to the plaintiff, or who is a necessary party to a complete determination or settlement of the questions involved therein. A plaintiff may join as defendants persons against whom the right to relief is alleged to exist in the alternative, although recovery against one may be inconsistent with recovery against the other; and in all such actions the recovery of costs by any of the parties to the action shall be in the discretion of the court. . . ."