GRAGE, Respondent, v. WISCONSIN AREA HEALTH & WELFARE FUND, Appellant.

No. 228. Submitted under sec. (Rule) 251.54 October 3, 1973.—
Decided October 30, 1973.
(Also reported in 211 N. W. 2d 509.)

For the appellant the cause was submitted on the brief of *E. H. Snyder* of Milwaukee.

For the respondent the cause was submitted on the brief of *Pray, Pray & Clark* of Ashland.

PER CURIAM. The order in this case is not appealable insofar as it denies the motion to dismiss because of improper venue. Venue is not a question of personal or subject matter jurisdiction, and an order relating to venue is not appealable under sec. 274.33, Stats. *Trossen v. Burckhardt* (1960), 9 Wis. 2d 304, 100 N. W. 2d 918. Therefore, we decline to review that portion of the order relating to the motion for dismissal because of improper venue.

The order, insofar as it denied the motion to dismiss for want of personal jurisdiction, was based upon an inadequate record. Sec. 262.16 (3), Stats., requires a jurisdictional trial on all issues of law and fact raised by an objection to personal jurisdiction. No such trial was held in this case. Therefore, we have nothing upon which to base a review of the findings and conclusions made by the trial judge. Upon remand, a jurisdictional trial should be held in accordance with the procedure outlined in *Pavalon v. Thomas Holmes Corp.* (1964), 25 Wis. 2d 540, 131 N. W. 2d 331.

The appeal is dismissed as to that part of the order denying the motion to dismiss for improper venue. The order, insofar as it denies the motion to dismiss for lack of personal jurisdiction, is vacated. The cause is remanded for proceedings consistent with this opinion.