VOIGHT, Plaintiff-Appellant, v. AETNA CASUALTY & SURETY COMPANY, and others, Defendants-Respondents.

*No. 75–632. Submitted on briefs October 5, 1977.—*
*Decided November 1, 1977.*
(Also reported in 259 N. W. 2d 85.)

378

For the appellant the cause was submitted on the briefs of *Edward Rudolph,* attorney, of Elm Grove, and *Jon Erik Kingstad,* of counsel, of Milwaukee.

There was a joint brief by *Edmund W. Powell* and *James T. Murray, Jr.* of *Borgelt, Powell, Peterson & Frauen* of Milwaukee, for Aetna Casualty and Surety Company and Frederick G. Gaenslen, M.D.; *Arnold Murray & O'Neill* of Milwaukee, for St. Paul Fire and Marine Insurance Company and Columbia Hospital; *Frank M. Coyne* of Madison, for Harvey L. Barash, M.D. and St. Paul Fire and Marine Insurance Company; and *Simarski, Goodrich, Brennan & Stack* of Milwaukee, for Mutual Fire, Marine & Inland Insurance Company and Frederick G. Gaenslen, M.D.

CONNOR T. HANSEN, J.  The complaint alleges that on April 5, 1972, defendant-Dr. Frederick Gaenslen performed surgery at Columbia Hospital in Milwaukee to remove what he had diagnosed as a "tumor" near plaintiff's right hip. During surgery, Dr. Gaenslen broke a fragment from a bone. He then stapled the fragment back to the bone and completed the operation without removing the "tumor."

Subsequently, the bone fragment and staple separated from the bone, causing the plaintiff great pain. In November, 1972, she consulted defendant—Dr. Harvey Barash of Madison. Dr. Barash surgically removed the loose bone fragment and staple, but did not remove the growth previously identified by Dr. Gaenslen.

The plaintiff later returned to Dr. Gaenslen, who performed surgery in February, 1974, to remove the "tumor."

Thereafter, the plaintiff commenced this action in the circuit court for Dane county against Dr. Gaenslen, Columbia Hospital, Dr. Barash, and their respective insurers. The complaint alleges that Dr. Gaenslen failed to inform the plaintiff of the hazards involved in the first operation and that during that operation he negligently chipped a bone. Columbia Hospital is joined on the theory that it failed to insure that the plaintiff was adequately informed of the hazards of the surgery and failed to see that accepted medical procedures were followed before and after surgery.

Plaintiff alleges that Dr. Barash was negligent in failing to remove the "tumor" during the second operation. She further alleges that she experienced a deadening of the nerves and atrophy of muscles near her right hip as a result of the second operation, a condition which she also says was aggravated by the third operation in February, 1974.

The order of the trial court sustaining the demurrers of all of the named defendants granted the plaintiff twenty days in which to file separate complaints as follows:

(a) Asserting the cause of action based upon the April 5, 1972, surgery and naming as defendants the Columbia Hospital and Frederick G. Gaenslen, M.D., and their insurers;

(b) asserting the cause of action based upon the November, 1972, surgery, and naming as defendants Harvey L. Barash, M.D., and his insurer;

(c) asserting the cause of action based upon the February, 1974, surgery and naming as defendants Frederick G. Gaenslen, M.D., and his insurer.

The order of the trial court also granted motions for a change of venue to the circuit court for Milwaukee county in the actions involving the first and third operations.

On appeal, the plaintiff argues that the trial court erred in holding that the complaint improperly united several causes of action.

This case arises under sec. 263.04, Stats. 1973,[1] which provided:

*"263.04 Uniting causes of action.* The plaintiff may unite in the same complaint several causes of action, whether they be such as were formerly denominated legal or equitable or both. But the causes of action so united must affect all the parties to the action and not require different places of trial, and must be stated separately."

This provision has no application when a complaint states only one cause of action. If a reviewing court determines that more than one cause of action is in fact stated, however, the question of misjoinder of causes must be considered. *Caygill v. Ipsen,* 27 Wis.2d 578, 581, 582, 135 N.W.2d 284 (1965). Here the trial court determined that the complaint alleges three separate causes of action. This determination is in accord with the decisions of this court.

This court has said that:

". . . a cause of action must be viewed as a grouping of facts falling into a single unit or occurrence as a lay

[1] Repealed by Supreme Court order, 67 Wis.2d 585, 758, effective January 1, 1976. *See:* secs. 803.02, 803.04, Stats.

person would view them. This grouping of facts consists of 'the defendant's wrongful act.'" *Caygill v. Ipsen, supra,* 582; *accord: Hartwig v. Bitter,* 29 Wis.2d 653, 660, 139 N.W.2d 644 (1966).

Applying this concept in *Caygill, supra,* this court held that two automobile accidents some five months apart gave rise to two distinct causes of action although the plaintiff's injuries were indivisible.

*Caygill* was followed in *Fitzwilliams v. O'Shaughnessy,* 40 Wis.2d 123, 161 N.W.2d 242 (1968). There the plaintiff was injured in an automobile accident and was again injured in a second accident involving the ambulance transporting her from the scene of the first mishap. This court held that the two collisions were separate and distinct occurrences, and gave rise to separate causes of action.

Similarly, in *Butzow v. Wausau Memorial Hospital,* 51 Wis.2d 281, 187 N.W.2d 349 (1971), a plaintiff alleged injuries to her hip when she fell on a sidewalk and when she later fell from her hospital bed while being treated for the first fall. Again this court held that two separate causes of action were involved.

Those decisions compel the conclusion that each of the operations involved in the instant action was a "grouping of facts falling into a single unit or occurrence." The plaintiff has alleged three distinct "wrongful acts," and her complaint states three causes of action.

The fact that she alleges only one injury, and that her alleged damages may be indivisible, does not alter this conclusion. The same argument was advanced without success in *Caygill, supra, Fitzwilliams, supra,* and *Butzow, supra.* The court explained in *Caygill, supra,* at 582:

"The operative facts, not the consequences, are determinative of a cause of action. 'It is the wrongful act, and

not the injury, that creates liability.' " *quoting Northern Finance Corp. v. Midwest Commercial Credit Co.,* 59 S.D. 282, 285, 239 N.W. 242 (1931).

Because the complaint states three causes of action, it is necessary to determine whether the causes are properly joined. Under sec. 263.04, Stats. 1973, the causes (1) must affect all the parties to the action; (2) must not require different places of trial; and (3) must be separately stated. *Fitzwilliams, supra,* 125; *Caygill, supra,* at 584.

The instant complaint does not satisfy the third of these requirements. This defect is not fatal if the causes are otherwise properly joined, although the complaint would be subject to a motion to make more definite and certain. *Caygill, supra,* at 584.

However, the complaint also fails the first and second requirements stated above. As *Caygill, supra,* and *Butzow, supra,* make clear, a cause of action does not "affect all the parties to the action" unless the defendants are joint tort-feasors or independent tort-feasors whose negligence concurs in time and place to produce a single injury. *Caygill, supra,* 584–587; *Butzow, supra,* at 285, 288, 289.

The case before the court involves neither joint nor concurrent negligence. Rather, like each of the cases previously cited, the present action involves alleged "wrongful acts" separated in time. As the trial court observed, this action is similar to the *Butzow Case,* wherein we stated:

"In the instant case we are not dealing with . . . joint tort-feasors but successive tort-feasors whose neligence did not combine concurrently but sequentially in time to cause injury. The present case is one where a subsequent

tort-feasor aggravates a pre-existing injury ·caused by the negligence of a prior tort-feasor." *Butzow, supra,* at 285.

While plaintiff considers the defendants to be "jointly, severally and successively liable. . . ," the *Caygill* and *Butzow Cases* firmly establish that the law of this state does not recognize any concept of "joint but successive" tort-feasors. In the present case, as in *Fitzwilliams, supra,* "it simply cannot be said that the causes of action stated by the plaintiff '. . . affect all the parties to the action.' " *Fitzwilliams, supra,* at 126, *quoting Caygill, supra,* at 584.

It is equally clear that the causes of action stated by the plaintiff require different places of trial. Under sec. 261.01(12), Stats. 1973, the proper venue for a malpractice action is in the county where the defendant resides. Dr. Gaenslen resides, and Columbia Hospital is located, in Milwaukee county, while Dr. Barash resides in Dane county. Separate places of trial are therefore required, *cf. Caygill, supra,* at 584, and the complaint fails each of the three requirements for joinder under sec. 263.04, *supra.* ·

Plaintiff argues that her complaint should have been construed to state alternative causes of action, under sec. 260.11(1), Stats. 1973. That section provided in part:[2]

". . . A plaintiff may join as defendants persons against whom the right to relief is alleged to exist in the alternative, although recovery against one may be inconsistent with recovery against the other; . . ."

This section must be read together with sec. 263.04, Stats. 1973, *supra.* Whenever there is a conflict between

---

[2] Sec. 260.11(1), Stats., was repealed by Supreme Court Order 67 Wis.2d 585, 757, effective January 1, 1976. *See:* secs. 803.03, 803.04, Stats.

the two provisions, sec. 260.11 must prevail. *Rogers v. Oconomowoc*, 16 Wis.2d 621, 115 N.W.2d 635 (1962); *DeGroot v. Peoples State Bank*, 183 Wis. 594, 198 N.W. 614 (1924).

Plaintiff argues that sec. 260.11 is applicable to her complaint. A similar argument was advanced in *Fitzwilliams, supra,* in an effort to join causes of action arising out of the initial automobile accident and the subsequent collision involving the ambulance. The court rejected this contention and said:

". . . sec. 260.11 concern[s] joinder of parties where a single controversy is involved . . . In the case at bar we have two accidents and two separate controversies." *Fitzwilliams, supra,* at 127.

Similarly, the present case concerns three operations and three controversies.

Alternative causes of action necessarily involve doubt as to where liability lies. In *Lukken v. Hanover Fire Ins. Co.*, 194 Wis. 569, 576, 217 N.W. 404 (1928), this court observed:

". . . That the element of doubt must exist in all cases where alternative relief is demanded follows as a logical sequence from the very nature of the relief itself. . . ."

The court went on to advise that this doubt should be expressed in the complaint:

". . . It is . . . proper, in an appropriate pleading involving alternative relief, to freely and fairly express such doubt in the pleading itself. The pleader should also, as we view it, concisely and clearly set forth all of the material facts involved in his cause of action, and the facts so pleaded should form the basis of the alternative relief demanded. Having brought to the fore all of the material facts, and the pleader having alleged the doubts

existing in his mind on the subject of who is liable, he should then pray for judgment against such party or parties as the truth, when found, will warrant. . . ." *Lukken, supra,* at 576.

The foregoing position was reiterated in *Kaas v. Baasch,* 48 Wis.2d 82, 90, 91, 179 N.W.2d 904 (1970). While a plaintiff's failure to express such doubt is not fatal to an otherwise valid complaint, it is significant in determining whether the complaint can be construed to state alternative causes of action.

In *Thomson v. Chicago, M. & St. P. R. Co.,* 195 Wis. 78, 84, 217 N.W. 927 (1928), the court set forth the plaintiff's complaint in full as a "model pleading" under sec. 260.11, Stats. The court particularly approved the averment that:

". . . 'Plaintiff is in doubt and is unable to determine whether the matters set forth in the claim of the respective companies are true and correct,' . . ." *Thomson, supra,* at 84.

In contrast to this, the complaint in the case before us admits no doubt, and confidently asserts that plaintiff's injuries are attributable to all the defendants, jointly. Paragraph 21 alleges that the condition in plaintiff's hip persisted ". . . as a result of the . . . negligence of all the above named defendants." Paragraph 23 asserts that plaintiff's injuries are "a result of the . . . negligence of defendants Dr. Gaenslen, Columbia Hospital and Dr. Barash" and that ". . . such negligence of the defendants jointly, severally and successively were substantial factors in bringing about the injuries of the plaintiff, . . ." Paragraph 27 states that ". . . the negligence of the defendants Drs. Gaenslen and Barash jointly, severally and successively were substantial factors . . ." in the deadening of nerves and atrophy of muscles near her hip.

The complaint prays for judgment ". . . in the first cause of action against all three defendants and their insurers, jointly and severally, . . ." and ". . . in the second cause of action against Doctors Gaenslen and Barash and their insurers, jointly and severally . . ." In contrast, the "model" complaint set forth in *Thomson, supra,* at 82, "prays for judgment against the [two defendant corporations] in the alternative. . . ."

On appeal, the plaintiff asserts that she is in doubt as to the cause of her injury. There is no intimation of any doubt whatever in her complaint, however, and no indication that her claim was asserted against less than all of the named defendants.

Plaintiff's efforts to hold the defendants jointly liable is incompatible with her request that the court construe her claim as one for alternative relief. In *Wisconsin Orange Crush B. Co. v. Meicher,* 198 Wis. 461, 470, 224 N.W. 702, rehearing 225 N.W. 737 (1929), it was said that:

". . . It must . . . be conceded that the plaintiff in actions in this form by his pleading admits that he is entitled to judgment as to one of the defendants only . . . The plaintiff, to be sure, cannot tell which of the defendants is wrongfully sued, but he is certain that one of them is because he does not seek a joint judgment. . . ."

This view of alternative pleadings was reaffirmed in 1970 in *Kaas v. Baasch, supra.* There the plaintiff was uncertain which of two defendants was the driver of an automobile involved in a collision. The court said, at 89:

". . . Obviously a recovery against one of these defendants would be totally inconsistent with a recovery against the other, and vice versa. But this inconsistency must necessarily exist in all cases where alternative relief is demanded under sec. 260.11(1), Stats. . . ."

A review of cases brought under sec. 260.11, Stats., finds them in full harmony with this view. In each instance, recovery against one defendant was logically inconsistent with recovery against the other defendant. *See: Kaas, supra; Wisconsin Orange Crush B. Co., supra; Lukken, supra; Thomson, supra;* and *DeGroot, supra.* This is not such a case. Recovery against one defendant here would in no way preclude recovery against the others. Sec. 260.11, Stats. 1973, therefore has no application here.

On appeal the plaintiff argues that she was not permitted to replead, but it does not appear from the present record that any request to replead was made to the trial court. While pleadings will be liberally construed and no litigant having a cause of action should be sent out of court, *Thomson, supra,* at 84, it cannot be said that the trial court abused its discretion in failing *sua sponte* to invite the plaintiff to plead over.

Plaintiff also complains that the decision of the trial court may have a harsh effect. She is faced with the possibility that she will be unable in successive actions to prove that any defendant is responsible for her injuries. This problem was specifically acknowledged in considerable detail in *Caygill, supra,* at 588–590, and again in *Butzow, supra,* at 290, 291, but was found to be insufficient basis for uniting the actions and contrary to the provisions of sec. 263.04, Stats. 1973. None of the parties will be barred from producing evidence arising out of any of the operations in any lawsuit against the defendants individually as proof of, or in mitigation of, damages. *Fitzwilliams, supra,* at 127; *Caygill, supra,* at 590.

The order from which this appeal is taken provides for a change of venue. On appeal, the plaintiff does not

argue the change of venue on the merits. In our opinion no meritorious argument could be advanced. Furthermore, we would observe that venue is not a question of personal or subject matter jurisdiction and therefore an order relating to venue is not appealable under sec. 274.33, Stats. 1973. *Grage v. Wisconsin Area Health & Welfare Fund,* 60 Wis.2d 761, 211 N.W.2d 509 (1973); and *Trossen v. Burckhardt,* 9 Wis.2d 304, 100 N.W.2d 918 (1960).

Our conclusion is that the order of the trial court be affirmed.

*By the Court.*—Order affirmed.

ABRAHAMSON, J., took no part.