William GLOBIG and Kathrine A. Globig, Plaintiffs,

v.

JOHNS–MANVILLE SALES COMPANY, a Foreign Corporation, Owens-Corning Fiberglass Corporation, a Foreign Corporation, Keene Corporation, a Foreign Corporation and Eagle-Picher Industries, Inc., a Foreign Corporation, Defendants,

v.

EAGLE–PICHER INDUSTRIES, INC., a Foreign Corporation, Third-Party Plaintiff,

v.

INTERNATIONAL ASSOCIATION OF HEAT AND FROST INSULATORS AND ASBESTOS WORKERS UNION and Asbestos Workers Union, Local 19, Third-Party Defendants.

Charlotte E. NEUBAUER, personally and personal representative of the Estate of Clifford S. Neubauer, Plaintiff,

v.

OWENS–CORNING FIBERGLASS CORPORATION, a Foreign Corporation, Johns-Manville Sales Company, a Foreign Corporation, and Transcontinental Insurance Co., a Foreign Corporation, Defendants,

v.

OWENS–CORNING FIBERGLASS CORP., Third-Party Plaintiff,

v.

PITTSBURG CORNING CORP., a Foreign Corporation, et al., Third-Party Defendants.

Joy SKROFONICK, Personally and as Personal Representative of the Estate of Clifford E. Mason, Plaintiff,

v.

OWENS–CORNING FIBERGLASS CORPORATION, a Foreign Corporation,

---

Johns-Manville Sales Company, a Foreign Corporation, and Eagle-Picher Industries, Inc., a Foreign Corporation, Defendants,

v.

OWENS–CORNING FIBERGLASS CORPORATION, Third-Party Plaintiff,

v.

PITTSBURG CORNING CORP., a Foreign Corporation, et al., Third-Party Defendants.

Walter J. PRESECHNIK, Plaintiff,

v.

OWENS–CORNING FIBERGLASS CORPORATION, a Foreign Corporation, Johns-Manville Sales Company, a Foreign Corporation, and Aetna Casualty & Surety Company, a Foreign Corporation, Defendants,

v.

OWENS–CORNING FIBERGLASS CORP., Third-Party Plaintiff,

v.

PITTSBURG CORNING CORP., a Foreign Corporation, et al., Third-Party Defendants.

Clarence O. REIMER and Mary M. Reimer, Plaintiffs,

v.

OWENS–CORNING FIBERGLASS CORPORATION, a Foreign Corporation, Johns-Manville Sales Company, a Foreign Corporation, Eagle-Picher Industries, Inc., a Foreign Corporation, Defendants,

v.

OWENS–CORNING FIBERGLASS CORP., Third-Party Plaintiff,

v.

PITTSBURG CORNING CORP., a Foreign Corporation, et al., Third-Party Defendants.

Darwin Frank WITKOWSKI, Sr., and Eleanore Witkowski, Plaintiffs,

v.

OWENS–CORNING FIBERGLASS CORPORATION, a Foreign Corporation, Johns-Manville Sales Company, a Foreign Corporation, Defendants,

v.

OWENS–CORNING FIBERGLASS CORP., Third-Party Plaintiff,

v.

PITTSBURG CORNING CORP., a Foreign Corporation, et al., Third-Party Defendants.

Clarence P. LILLGE and Hertha E. Lillge, Plaintiffs,

v.

OWENS–CORNING FIBERGLASS CORPORATION, a Foreign Corporation, Johns-Manville Sales Company, a Foreign Corporation, Keene Corporation, a Foreign Corporation, Baldwin-Ehret-Hill, Incorporated, a Foreign Corporation, and Gale Corporation, a Foreign Corporation, Defendants,

v.

OWENS–CORNING FIBERGLASS CORP., Third-Party Plaintiff,

v.

PITTSBURG CORNING CORP., a Foreign Corporation, et al., Third-Party Defendants.

Erich E. ECKOLDT and Mamie Eckoldt, Plaintiffs,

v.

OWENS–CORNING FIBERGLASS CORPORATION, a Foreign Corporation, Johns-Manville Sales Company, a Foreign Corporation, Defendants,

v.

OWENS–CORNING FIBERGLASS CORP., Third-Party Plaintiff,

v.

PITTSBURG CORNING CORP., a Foreign Corporation, et al.,

Third-Party Defendants.

Robert J. GAYNOR and Lavellette
Gaynor, Plaintiffs,

v.

OWENS–CORNING FIBERGLASS COR-
PORATION, a Foreign Corporation,
Johns-Manville Sales Company, a For-
eign Corporation, Keene Corporation, a
Foreign Corporation, Defendants,

v.

OWENS–CORNING FIBERGLASS
CORP., Defendant and
Third-Party Plaintiff,

v.

PITTSBURG CORNING CORP., a
Foreign Corporation, et al.,
Third-Party Defendants.

79–C–117, 77–C–52, 77–C–446, 77–C–491,
77–C–492, 78–C–43, 78–C–44, 78–C–131
and 78–C–544.

United States District Court,
E. D. Wisconsin.

March 18, 1980.

Albert J. Goldberg, Milwaukee, Wis., for all plaintiffs.

Kurt H. Frauen and Mark Young, Milwaukee, Wis., for Owens-Corning Fiberglass Corp.

Donald H. Carlson, Milwaukee, Wis., for Johns-Manville Sales Co.

Jeffrey A. Schmeckpeper, Milwaukee, Wis., for Eagle-Picher Industries, Inc.

Peter S. Nelson, Appleton, Wis., for Armstrong Cork Co.

William C. Gleisner, III, Menomonee Falls, Wis., for Intern. Ass'n of Heat and Frost Insulators and Asbestos Workers Union and Asbestos Workers Union, Local 19.

## DECISION AND ORDER

REYNOLDS, Chief Judge.

These consolidated products liability cases are before the court on several related pretrial motions. In order to put the motions in context, it is necessary to briefly summarize the present status of the cases.

The complaints in all nine actions are substantially similar. Plaintiffs were all at one time employed in occupations which involved the daily use of asbestos fiber products. As a result of their exposure to asbestos fiber, plaintiffs claim to have suffered various types of lung ailments, some of which have proved fatal.

Defendants are all manufacturers of asbestos fiber products. Liability is predicated upon theories of negligence and strict liability. The Owens-Corning Fiberglass Corporation ("Owens-Corning") is a defendant in each of the nine cases and in each case has filed third-party complaints against twenty-one other manufacturers of asbestos fiber products. In addition, in Civil Action No. 79–C–117, defendant Eagle-Picher Industries, Inc. ("Eagle-Picher"), has filed a third-party complaint against the International Association of Heat and Frost Insulators and Asbestos Workers Union and Asbestos Workers Union 19 ("the Unions").

On December 10, 1979, this Court granted the motion of the third-party defendant asbestos manufacturers to dismiss the third-party complaints filed by Owens-Corning for failure to state a claim upon which

relief could be granted. Leave was granted to file amended third-party complaints, and such complaints have now been filed. The third-party defendants named in the amended third-party complaints have again moved for dismissal. Also pending is the Unions' motion to dismiss the third-party complaints filed by Eagle-Picher. Finally, plaintiffs in all of the actions have moved to amend the original complaints in order to state a claim for punitive damages.

## I. Motion to Dismiss the Owens-Corning Third-Party Complaints

This Court originally dismissed the third-party complaints filed by Owens-Corning for its failure to make allegations which, if taken as true, would establish liability on the part of the third-party defendants. In particular, the Court was troubled by the form of the allegations against the third-party defendants. The original third-party complaint alleged that plaintiffs had stated a cause of action against all manufacturers of asbestos fiber products when in fact plaintiffs had limited their allegations to the named defendants. It was the failure of Owens-Corning to itself allege liability on the part of the third-party defendants which led to the dismissal of the third-party complaints.

Owens-Corning has now filed amended third-party complaints which correct the prior pleading deficiencies by containing direct allegations against the third-party defendants. Third-party defendants have again moved to dismiss the third-party complaints, this time on the basis of the hypothetical form of pleading utilized by Owens-Corning as well as on the substantive ground that no right of contribution exists for injuries which are the result of allegedly successive torts.

■ Having reviewed the form of the amended third-party complaints, I am of the opinion that they now conform to the federal standards of pleading. Owens-Corning has alleged, in substance, that the plaintiffs were exposed to the products of the third-party defendants, that these products were substantially similar to those manufactured by Owens-Corning, and that if Owens-Corning is found liable for plaintiffs' injuries, then the third-party defendants are liable as well. There is no merit to third-party defendants' argument that this proposition lacks a "logical premise." Owens-Corning has alleged a shared defect and common exposure. These premises, which at this stage in the proceedings must be taken as true, provide a perfectly logical basis for the conclusion that the parties are jointly liable.

The fact that Owens-Corning has utilized a hypothetical form of pleading is of no significance. Naturally, Owens-Corning contests the allegation that it was negligent or that it produced an unreasonably dangerous product. It is, however, free to argue in the alternative that if it is adjudged liable for plaintiffs' injuries, the other manufacturers of asbestos fiber products to which the plaintiffs were exposed are liable as well. While arguably these two positions are inconsistent (and I do not think that in fact they are), Rule 8(e)(2) of the Federal Rules of Civil Procedure permits inconsistent or hypothetical pleadings.

■ The main purpose of the modern rules of pleading is to put the adversary party on notice of the claims against him. *Roberts v. Acres*, 495 F.2d 57 (7th Cir.1974). The amended third-party complaints filed by Owens-Corning state the nature of the claim against the third-party defendants. Accordingly, the third-party complaints are not subject to attack as to the adequacy of the form of the allegations contained therein.

Third-party defendants also argue that the third-party complaints merely allege the existence of successive or sequential torts which do not give rise to a right of contribution on the part of the third-party plaintiffs. Third-party defendants argue that in Wisconsin "successive tort-feasors whose negligence did not combine concurrently but sequentially in time to cause injury" are not liable to one another for contribution and thus are not properly joinable as third-party defendants. *Butzow v.*

*Wausau Memorial Hospital,* 51 Wis.2d 281, 285, 187 N.W.2d 349 (1971); see also, *Voight v. Aetna Casualty & Surety Co.,* 80 Wis.2d 376, 259 N.W.2d 85 (1977). The third-party defendants correctly state the general rule, but the instant case does not lend itself to such an analysis. There is a considerable dispute as to when plaintiffs' injuries occurred and even as to whether such a time can be pinpointed with any degree of precision. Furthermore, there is a substantial issue as to when the alleged negligence occurred. As Owens-Corning points out, if plaintiffs have been carrying various brands of asbestos fibers in their lungs for a number of years before any injury manifested itself, it is most difficult to characterize the liability of each of the manufacturers as independent and separate from one another. The resolution of whether these torts are successive, concurrent, or cumulative, or a combination of all three, must await further development of the evidence and is better suited for resolution following discovery. Accordingly, third-party defendants' motion to dismiss the third-party complaints filed by defendant Owens-Corning will be denied.

## II. *Motion to Dismiss the Eagle-Picher Third-Party Complaint*

The third-party complaint filed by Eagle-Picher against the Unions in Civil Action No. 79–C–117 attempts to state a claim for contribution based on the Unions' failure to "dissemanate [sic] information to their members pertaining to the use of safety devices, possible dangers of materials handled and used if not approached properly, use of inhalation devices, information programs, relating information literature all of which said Union had a duty to relate to its members." (Third-party complaint, filed March 20, 1979, paragraph 6, page 2.) According to Eagle-Picher, these allegations, if true, are sufficient to state a claim of common-law negligence under Wisconsin tort law. The Unions have moved to dismiss the third-party complaint, *inter alia,* for failure to state a claim upon which relief can be granted. Specifically, it is argued that a union's duty to its members is to be determined only by reference to federal labor law which does not recognize a cause of action based on simple negligence. In effect, the Unions argue, in this situation, that the Wisconsin law of negligence is pre-empted by federal labor law.

Eagle-Picher's claimed right of contribution from the Unions must be derived from the right of the plaintiffs to sue the Unions. Thus, if plaintiffs could successfully sue the Unions, whether or not they in fact chose to do so, then the third-party complaint is properly before the court. If, on other hand, plaintiffs have no cause of action against the Unions, then the third-party complaint must be dismissed.

The plaintiffs would not be able to sue the Unions under federal law. Section 301(a) of the Labor Management Relations Act, 29 U.S.C. § 185(a) imposes a duty of fair representation upon labor unions, *Vaca v. Sipes,* 386 U.S. 171, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967), but that duty is only breached "when the conduct of a union toward a member of the collective bargaining unit is arbitrary, discriminatory or in bad faith." *Johnson v. General Drivers, Warehousemen and Helpers, Local Union No. 89,* 488 F.2d 250, 251–252 (6th Cir.1973). See also, *Dwyer v. Climatrol Industries, Inc.,* 544 F.2d 307, 311 (7th Cir.1976); *Cannon v. Consolidated Freightways Corp.,* 524 F.2d 290, 293 (7th Cir.1975). The fact that a union may have negligently represented its members does not state a cause of action under federal labor law. *Dente v. International Organization of Masters, Mates, and Pilots,* 492 F.2d 10, 12 (9th Cir.1974); *Brough v. United Steelworkers of America,* 437 F.2d 748, 750 (1st Cir.1971); *Bazarte v. United Transportation Union,* 429 F.2d 868, 872 (3d Cir.1970). The question thus becomes whether state negligence law can be utilized to accomplish what could not be accomplished under federal labor law.

As a general rule, the relationships between labor unions, union members, and employers are governed solely by federal law. *Amalgamated Association of Street, Electric Railway & Motor Coach Employees*

of America v. Lockridge, 403 U.S. 274, 91 S.Ct. 1909, 29 L.Ed.2d 473 (1971). Necessarily, a uniform federal law of labor relations must pre-empt inconsistent provisions of state law:

"The course of events that eventuated in the enactment of a comprehensive national labor law * * * reveals that a primary factor in this development was the perceived incapacity of common-law courts and state legislatures, acting alone, to provide an informed and coherent basis for stabilizing labor relations conflict and for equitably and delicately structuring the balance of power among competing forces so as to further the common good. * * * " Lockridge, supra, at 286, 91 S.Ct. at 1918.

■ In some situations, however, the states may supplement federal law to provide a remedy which exists only by virtue of the substantive rights provided under state law. Thus, the United States Supreme Court has held that the states may adjudicate a number of common-law torts which may arise in the context of a labor dispute. See, Sears Roebuck & Co. v. San Diego County District Council of Carpenters, 436 U.S. 180, 98 S.Ct. 1745, 56 L.Ed.2d 209 (1978) (trespass); Farmer v. United Brotherhood of Carpenters and Joiners, 430 U.S. 290, 97 S.Ct. 1056, 51 L.Ed.2d 338 (1977) (intentional infliction of emotional harm); Linn v. Plant Guard Workers of America, 383 U.S. 53, 86 S.Ct. 657, 15 L.Ed.2d 582 (1966) (defamation). The states have the power to regulate activities which normally would be governed by federal labor law where the activity regulated is of "peripheral concern" to the policies sought to be effectuated by the federal law, or where "the regulated conduct touched interests so deeply rooted in local feeling and responsibility that, in the absence of compelling congressional direction, we could not infer that Congress had deprived the States of the power to act." San Diego Building Trades Council v. Garmon, 359 U.S. 236, 244, 79 S.Ct. 773, 778, 3 L.Ed.2d 775 (1959).

■ Neither of the conditions mentioned above apply in the instant case. The duties and responsibilities of a labor union to its members is not a peripheral concern of the federal labor policy, nor is there a deep rooted state interest in imposing a duty of care which does not exist under federal law. In this regard, the case of House v. Mine Safety Appliances Co., 417 F.Supp. 939 (D.Idaho 1976), is instructive. In that case, the operators of a coal mine were sued by mine employees who had been injured in a mine fire. The operators filed third-party complaints against the United Steelworkers of America and its local alleging that under the collective bargaining agreement, the unions had a duty to inspect the mines for unsafe conditions and to provide its members with reasonably safe working conditions. It was further alleged that the unions' negligent performance of those duties was a proximate cause of the plaintiffs' injuries. The district court dismissed the third-party complaints, holding that "a theory of common-law negligence for breach of an alleged safety duty is inextricably intertwined and embodied in the union's duty of fair representation" which was governed solely by federal law. House, supra, at 945. Since federal law, and federal law alone, dictated the duty of a union to its members in this context, no cause of action based on simple negligence could be recognized. See also, Hartsfield v. Seafarers International Union, 427 F.Supp. 264, 270 (S.D.Ala.1977). I find that on this record the Union's duty to its members is governed by federal law. Since federal law does not recognize a common-law duty of due care, the third-party complaint alleging a breach of that duty must be dismissed.

III. Motion to Amend

■ Plaintiffs have moved to amend the original complaints so as to state a claim for punitive damages. Defendants argue that Wisconsin law does not permit an award of punitive damages where the underlying action is based on negligence or strict liability. Having reviewed the relevant case law, I am of the opinion that the issue is still an open one in Wisconsin. Recently the Wis-

742

consin Fourth District Court of Appeals held that punitive damages are available under certain circumstances in products liability actions. *Wangen v. Ford Motor Company,* 284 N.W.2d 120 and 282 N.W.2d 616 (Ct.App. 4th Dist. Wis. 1979). That decision was appealed to the Wisconsin Supreme Court and is currently pending. Since the Wisconsin high court's decision in *Wangen* may well be dispositive of plaintiffs' claim for punitive damages, this Court will refrain for the time being from attempting to resolve this important and complicated issue of Wisconsin law. Plaintiffs will be permitted to amend the complaints.

### ORDER

IT IS THEREFORE ORDERED that the motion to dismiss the third-party complaint filed by defendant Owens-Corning is hereby denied.

IT IS FURTHER ORDERED that the motion to dismiss the third-party complaint filed by defendant Eagle-Picher is hereby granted.

IT IS FURTHER ORDERED that plaintiffs' motion to amend the complaints in these actions is hereby granted.

IT IS FURTHER ORDERED that defendant Johns-Manville Sales Company is deemed to have stated a claim for contribution against all of the third-party defendants, and such claim is deemed denied by all.

IT IS FURTHER ORDERED that the third-party complaints are deemed amended to state a claim for contribution for any punitive damages that may be awarded against the principal defendants.