Cari E. McLean KLUTH and Farmers Insurance
Exchange, Plaintiffs-Respondents,

v.

GENERAL CASUALTY COMPANY OF WISCONSIN, Dick
Crooks Electric Co., Ltd., and Richard J. Crooks,
Defendants-Appellants,

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY
and Dolores R. Gramins, Defendants.

Court of Appeals

*No. 92–1924. Oral argument July 13, 1993.—Decided August
18, 1993.*

(Also reported in 505 N.W.2d 442.)

810

On behalf of the defendants-appellants, there were briefs by *Stuart B. Eiche* and *Jacqueline E. Frakes* of *Stuart B. Eiche, S.C.* of Milwaukee. There was oral argument by *Jacqueline E. Frakes.*

On behalf of the plaintiffs-respondents, there was a brief and oral argument by *Michael J. Donovan* of *Hausmann-McNally, S.C.* of Milwaukee.

Before Anderson, P.J., Brown and Snyder, JJ.

BROWN, J.   This appeal from a nonfinal order dismissing defense motions for separate trials requires us to decide the scope of the permissive joinder statute, sec. 803.04, Stats., involving two different car accidents.[1] The complaint stated that Cari E. McLean Kluth sustained soft tissue injuries in a car accident with Richard J. Crooks which were later aggravated by a second accident with Dolores R. Gramins. The narrow question is whether Kluth's actions against the

---

[1] The permissive joinder statute, sec. 803.04, Stats., states in relevant part:

> **Permissive joinder of parties.** **(1)** PERMISSIVE JOINDER. . . . All persons may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action. A . . . defendant need not be interested in . . . defending against all the relief demanded. Judgment may be given . . . against one or more defendants according to their respective liabilities.

two defendants arise out of "the same transaction, occurrence, or series of transactions or occurrences" under the meaning of sec. 803.04.[2] We conclude that Kluth's joining of the two accidents in the complaint was permissible under sec. 803.04 because she alleges commonality of an injury and aggravation of that injury by the tortfeasors. Whether that commonality survives until trial must await the taking of discovery and gathering of evidence. We affirm the trial court's order with that caution.

The relevant allegations are as follows. Kluth was injured on July 25, 1989 in a car accident with Crooks, who was driving a company van at the time. Kluth's injuries required ongoing medical treatment for soft tissue injuries. She was still being treated for her original injuries when she was in a second accident, this time with Gramins on January 15, 1991.

Kluth brought suit jointly and severally against both defendants and their insurers. Her complaint alleges:

> That as a direct and proximate result of the negligence of CROOKS, KLUTH sustained severe personal injuries, which may be permanent in nature, necessitating medical care and attention, a loss of earnings and earning capacity, pain, suffering, disability and other damages.
> . . . .
> That the collision caused by the negligence of GRAMINS aggravated the injuries which KLUTH had sustained on July 25, 1989, for which she was still under active treatment and medical care; further, that she was caused to suffer a further loss of

---

[2] We certified this question to the supreme court. The court refused certification on June 2, 1993, and we subsequently heard oral argument.

earning capacity, and additional pain, suffering, disability and other damages.

After they answered the complaint and before anyone had commenced discovery, Gramins, Crooks and their insurers filed motions for separate suits. At the motion hearing, the court asked counsel for each of the defendants, "[L]ogistically what practical problems do you foresee in having this issue tried before the same jury?" Counsel for Crooks responded:

> Well, Your Honor, we feel there are going to be problems as far as the jury keeping in their mind that these are two separate accidents and being able to distribute out damages and injuries per these two separate accidents. . . .
>
> . . . It's our understanding that these are two separate and distinct occurrences. We have got some general allegations with regards to injuries arising out of the first accident, and we have some general allegations regarding an aggravation of some unknown or general injuries arising out of the first accident. . . .
>
> It's my understanding that in order to bring these type of occurrences together, series of occurrences or transactions, as the statute requires would at least require under the cases . . . some specific pleadings as to what particular injuries she had as to what particular injuries were aggravated. I think there would be a problem for the jury . . . hearing about two different, separate accidents and having to divvy up between these two separate defendants as to what injuries occurred and as to what injuries were aggravated . . . .

Counsel for Gramins added that the law prior to the adoption of the new rules of civil procedure has not been overruled. She argued that the court was still bound by decisions taking a narrow view of joinder,

which required that a lay person must view a group of facts as a single unit or occurrence in order for joinder to be proper. Finally, she argued that this case does not meet the statutory requirements for joinder.

The court denied the defendants' motions. It noted that concern for judicial economy carries much more weight now than it did when the cases cited by the defendants were decided. It also noted that joinder rules have become more liberal since the new rules of civil procedure were adopted. The court did not agree with the defendants that jury confusion would be a problem. It stated:

> Now, the defendants argue much regarding the subject of jury confusion. I have found in my experience on the bench . . . that irrespective of the complications which are placed before the jury if accurately instructed and if properly presented confusion can be much allayed concerning separate incidents that may be placed before a jury. . . .
>
> Further, the Court is satisfied that there would be less confusion and less reason for or less opportunity for an injustice if the same jury were to hear the facts in this case as opposed to separate juries. . .
>
> .
>
> As to what I find to be the minimal inconvenience to the parties or burden on the parties to have to endure separate proofs relating to one claim or the other, I am not satisfied that those override the need for our system to permit a stream-lining and [an] expeditious way of disposing of cases as can be.

Finally, the court observed that there was "some commonality" between the two accidents because of the similarity of the injuries and the permanency claims. The court stated that "because of those common factors there is enough factual identity here to permit the

cases to be tried together." The court concluded that the federal trend was to try the cases together to serve judicial economy and denied the defendants' motions for separate suits.

■

To resolve this case, we must interpret sec. 803.04, Stats. Statutory interpretation presents a question of law that we review *de novo* without deference to the trial court. *State ex rel. Roberta A. S. v. Waukesha County Human Servs. Dep't,* 171 Wis. 2d 266, 272, 491 N.W.2d 114, 116 (Ct. App. 1992).

■

We begin with the well-settled proposition that our purpose in interpreting a statute is to determine its legislative intent. *Campenni v. Walrath,* 172 Wis. 2d 563, 567, 493 N.W.2d 266, 268 (Ct. App. 1992). Only if a statute is ambiguous may we engage in construction by looking at its history, context, subject matter and scope. *Id.* A statute is ambiguous if its language is capable of being understood in two or more different ways. *Id.*

■

Joinder of defendants is permitted if they are sued jointly, severally, or in the alternative, for liability "arising out of the same transaction, occurrence, or series of transactions or occurrences." Section 803.04(1), Stats. In addition, a question of law or fact common to all defendants must arise in the action. *Id.* Because causation of and liability for Kluth's injuries are common questions of law and fact common to all defendants, we need only decide whether this case involves the same transaction, occurrence, or series of transactions or occurrences.

We conclude that the phrase "same . . . series of transactions or occurrences" is ambiguous. Each party offers a reasonable interpretation of the phrase. On one hand, Kluth suggests that the phrase should be interpreted broadly to include situations in which "a successive tortfeasor aggravates injuries caused by the original tortfeasor." She claims that this interpretation is consistent with both Wisconsin precedent and the federal trends in interpreting FED. R. CIV. P. 20(a), after which sec. 803.04(1), Stats., was patterned. She asserts that "Wisconsin should look to the purposes and applications of [FED. R. CIV. P.] 20(a) when interpreting and applying its own recently adopted liberal joinder statute."[3]

---

[3] Kluth cites *Diehl v. H.J. Heinz Co.,* 901 F.2d 73 (7th Cir. 1990), for the proposition that "[s]uccessive unrelated tortfeasors may be joined in one action where injuries were inflicted months apart and where it is alleged that the second accident aggravated injuries sustained in the first one." She also cites the following cases from other jurisdictions: *McNeil v. American Export Lines,* 166 F. Supp. 427 (E.D. Pa. 1958) (successive employers joined when plaintiff sustained a back injury while working for first employer and aggravated the injury while working for second employer); *Poster v. Central Gulf Steamship Corp.,* 25 F.R.D. 18 (E.D. Pa. 1960) (joinder of successive tortfeasors proper because second injury could result in concurrent liability of both defendants); *Sutterfield v. District Court,* 438 P.2d 236 (Colo. 1968) (joinder proper when two unrelated collisions were separated by nine months but contributed to the same injury); *Ryan v. Mackolin,* 237 N.E.2d 377 (Ohio 1968) (two collisions constituted "series of occurrences" under statute identical to sec. 803.04(1), Stats.), *overruled on other grounds, Pang v. Minch,* 559 N.E.2d 1313 (Ohio 1990); and *Hager v. McGlynn,* 518 S.W.2d 173 (Mo. Ct. App. 1974) (aggra-

On the other hand, Crooks argues that we should interpret the joinder statute as it was interpreted prior to Wisconsin's 1976 adoption of the new rules of civil procedure. In particular, Crooks cites *Caygill v. Ipsen,* 27 Wis. 2d 578, 135 N.W.2d 284 (1965), and *Fitzwilliams v. O'Shaughnessy,* 40 Wis. 2d 123, 161 N.W.2d 242 (1968), for the proposition that "a cause of action must be viewed as a grouping of facts falling into a single unit or occurrence as a lay person would view them." Crooks also refers us to *Butzow v. Wausau Memorial Hosp.,* 51 Wis. 2d 281, 285, 187 N.W.2d 349, 351 (1971), arguing that our supreme court has ruled that "a subsequent tortfeasor's aggravation of a pre-existing injury caused by the negligence of a prior tortfeasor does not qualify as a single occurrence or single cause of action." Finally, Crooks argues that *Robinson v. Mount Sinai Medical Center,* 137 Wis. 2d 1, 402 N.W.2d 711 (1987), decided after the adoption of the new rules of civil procedure, reaffirms the *Caygill* rule that joinder is appropriate only when a lay person would view facts as falling into a single unit or occurrence.

We agree with Kluth that Wisconsin's permissive joinder statute should be interpreted broadly to encompass situations in which an injury caused by a negligent tortfeasor is aggravated in a later incident involving a second tortfeasor. Section 803.04(1), Stats., was taken from FED. R. CIV. P. 20(a). *See* Clausen & Lowe, *The New Wisconsin Rules of Civil Procedure Chapters 801 – 803,* 59 MARQ. L. REV. 1, 92 (1976) (hereinafter *New Rules*). When interpreting a state statute that is patterned after a federal statute, we may look to

vation of initial injuries by second automobile accident gave rise to proper joinder).

cases interpreting the federal statute for guidance. *Wisconsin's Environmental Decade, Inc. v. Public Serv. Comm'n,* 79 Wis. 2d 161, 174, 255 N.W.2d 917, 925 (1977).

Rules governing permissive joinder should be interpreted to allow "the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged." *United Mine Workers v. Gibbs,* 383 U.S. 715, 724 & n.10 (1966). The purpose of the permissive joinder statute is to avoid multiple trials involving identical or similar issues. *Goodman v. H. Hentz & Co.,* 265 F. Supp. 440, 443 (N.D. Ill. 1967). The "subject matter relatedness" of the events constituting a claim should be an important factor in determining the propriety of joinder. *New Rules* at 95. However, joinder is not required and the trial court "may order separate trials . . . to prevent delay or prejudice." Section 803.04(4), Stats. The purpose of this provision is to assure that actions do not become too complex to resolve. *See New Rules* at 95.

We conclude that joinder was proper at this stage of the proceedings given the limited information before the trial court. The trial court relied upon the allegations as stated in the complaint, as it could only do at this point, and the arguments of counsel in reaching its decision. The complaint states that Kluth sustained injuries in her accident with Crooks. It alleges that those injuries were aggravated in her later accident with Gramins. Both claims allegedly involve issues of the nature, extent and permanency of her injuries. Although the defendants are different, each will be required to defend at trial against claims of liability for

the injuries that were presumably common to both accidents. If separate suits were granted, the result would be multiple trials involving similar or identical issues. This would be contrary to the purpose of sec. 803.04, Stats. *See Goodman,* 265 F. Supp. at 443.

Our decision comports with those from other jurisdictions interpreting statutes identical to sec. 803.04, Stats. For example, the Missouri courts have permitted joinder of defendants in situations almost identical to ours. *See Hager v. McGlynn,* 518 S.W.2d 173 (Mo. Ct. App. 1974). That court explained:

> This is not to say that in every case in which there are separate accidents the plaintiff may join all defendants. However, when the injuries are alleged to be indivisible, or to have been aggravated in another accident, then joinder is permissible. In that situation, justice is far more likely to be served with all parties present and the issues being full[y] presented to one jury, and that jury being charged with the responsibility of finding both the question of negligence and the amount of damages, if any.

*Id.* at 178. The Ohio Supreme Court reached a similar conclusion, stating:

> To save time and to relieve court congestion, parties are encouraged, if not commanded, to litigate all their claims in one action, except to the extent that joinder of multifarious and complex issues would produce confusion and prejudice. . . .
>
> . . . [In the case of successive rear-end collisions,] [t]he causal contribution of each defendant to the plaintiff's compounded injury is a question of fact common to all the parties and may more effectively be determined before one trier of the facts in a single action.

*Ryan v. Mackolin,* 237 N.E.2d 377, 380 (Ohio 1968), *overruled on other grounds, Pang v. Minch,* 559 N.E.2d 1313 (Ohio 1990). The reasoning presented in both of these cases accurately reflects the purpose behind sec. 803.04, and we adopt it for cases in which a plaintiff claims injuries caused by successive tortfeasors.

We disagree with Crooks' assertion that *Caygill, Fitzwilliams, Butzow,* and *Robinson* mandate separate suits in this case. *Caygill, Fitzwilliams,* and *Butzow* were all decided prior to the adoption of sec. 803.04, Stats. The statute in effect at that time prohibited joinder unless the claims affected all parties to the action. *See* sec. 263.04, Stats. (1965).[4] That requirement was removed when sec. 803.04(1) was adopted. Therefore, the impediment to joinder upon which those decisions were based is no longer in effect.

Crooks argues that *Robinson* must be read as a supreme court reaffirmation of the *Caygill, Fitzwilliams* and *Butzow* line of cases mandating separate trials for different accidents. We acknowledge that there exists some language in *Robinson* from which that argument could be made. That is why we initially certified this case to the supreme court. A close reading of *Robinson,* however, leads us to a differing conclusion than Crooks. First, the supreme court noted that the defendant in *Robinson* was relying on *Voight v. Aetna Casualty & Surety Co.,* 80 Wis. 2d 376, 259 N.W.2d 85 (1977). The *Robinson* court pointed out that *Voight* relied on the *Caygill, Fitzwilliams* and *Butzow* cases, and that all of them, including *Voight,* were decided under the old permissive joinder statute. *See Robinson,* 137 Wis. 2d at 25, 402 N.W.2d at 721.

---

[4] Section 263.04, Stats. (1965), remained unchanged until the new rules of civil procedure were adopted by supreme court order in 1975. *See* Wis. S. Ct. Order, 67 Wis. 2d 585, 646 (1975).

Next, the *Robinson* court appeared to explain that even if there had not been a change in the law, the *Caygill* line of cases would still not have been applicable. This is because, under those cases, the key to joinder was the number of wrongful acts. *Id.* at 26, 402 N.W.2d at 721. Thus, the old cases were limited to deciding whether there were "two separate invasions of the right to be free from bodily harm." *Id.* at 27, 402 N.W.2d at 721. To the contrary, the *Robinson* court was not concerned with the number of wrongful acts because *Robinson* was a negligent medical treatment case. As such, the question was "whether a lay person could reasonably conclude that the facts fall within a single unit or occurrence" forming "a *'continuum'* of negligent treatment." *Id.* at 27, 402 N.W.2d at 722.

Simply because the supreme court was explaining the rationale of the *Caygill* line of cases does not mean that the court was recognizing the continuing validity of those cases. We conclude that *Robinson* is not authority for the continued validity of the *Caygill* line of cases.

We appreciate Crooks' argument that a trial of both claims by the same jury might result in unnecessary confusion and delay. That argument is, however, premature. We reiterate that Crooks brought this motion immediately following the pleading stage. No discovery has yet been taken. Crooks argued before the trial court that, as a matter of law, there had to be separate trials. The trial court ruled against Crooks and so have we. This does not prevent Crooks from renewing the motion at a later time—not claiming a right as a matter of law, but claiming that separate trials are necessary based on the record. If discovery, for example, reveals that jury confusion is possible or likely—and there are numerous scenarios where we

could envision that happening—the trial court should again consider the issue and grant or deny the motion based on the status of the case at that time.

*By the Court.*—Order affirmed.