BUTZOW, Appellant, v. WAUSAU MEMORIAL HOSPITAL and others, Respondents.

*No. 278. Argued April 2, 1971.—Decided June 2, 1971.*
(Also reported in 187 N. W. 2d 349.)

For the appellant there were briefs by *Tinkham, Smith, Bliss & Patterson* of Wausau, and oral argument by *Richard P. Tinkham*.

For the respondents there was a brief by *Peickert, Anderson, Fisher, Shannon & O'Brien* of Stevens Point, for the Wausau Memorial Hospital; by *Genrich, Terwilliger, Wakeen, Piehler & Conway* of Wausau, for the city of Phillips; and by *O'Melia & Kaye* of Rhinelander, for Ida Soliday, and oral argument by *John F. O'Melia* of Rhinelander and *Douglas J. Klingberg* of Wausau.

HALLOWS, C. J.   Normally, the proper venue of the first cause of action is Price county where the fall on the sidewalk occurred and all the defendants resided, sec. 261.01 (12), Stats.; and the proper venue for the action for malpractice against the Wausau Memorial Hospital is Marathon county, the principal place of business of the hospital, sec. 261.01 (6). Consequently, if sec. 263.04 [1] is applicable, these two causes of action cannot be joined because they require different places of trial.

The appellant argues the venue statute is not applicable to this joinder because the accident tort-feasors and the malpractice tort-feasor have a joint liability for the total indivisible damages of the injured plaintiff and this requires a joint trial against all the tort-feasors to avoid multiple trials and inconsistent verdicts. We think not.

The joinder of causes of action in this state is statutory and governed by sec. 263.04, Stats. As stated in *Caygill v. Ipsen* (1965), 27 Wis. 2d 578, 135 N. W. 2d

---

[1] "263.04 **Uniting causes of action.** The plaintiff may unite in the same complaint several causes of action, whether they be such as were formerly denominated legal or equitable or both. But the causes of action so united must affect all the parties to the action and not require different places of trial, and must be stated separately."

284, at common law joinder was permitted only between joint tort-feasors, and that term was restricted to those tort-feasors who acted in concert. *See also:* Prosser, *Law of Torts* (3d ed.), *Joinder of Defendants,* pp. 260, 266, sec. 44. Independent tort-feasors whose negligence combined to cause an injury had to be sued separately even though each might be liable for the entire loss. However, under the more liberal American rules relating to joinder, defendants whose negligence concurs to produce thereafter an injury have been joined in one cause of action. This is typified by the ordinary automobile-collision case between two automobiles causing injury to a passenger. By loose language we call these defendants "joint tort-feasors."

In the instant case we are not dealing with such joint tort-feasors but successive tort-feasors whose negligence did not combine concurrently but sequentially in time to cause injury. The present case is one where a subsequent tort-feasor aggravates a pre-existing injury caused by the negligence of a prior tort-feasor.

It is essential to distinguish between joinder of causes of action and joinder of joint defendants in one cause of action. We point out tort-feasors do not become joint tort-feasors because their liability may be co-extensive and in that sense there is joint liability. It is quite true an original tort-feasor may also be liable for the malpractice of a subsequent tort-feasor doctor for the total damages suffered by the injured person. But this doctrine is concerned solely with the scope of the liability of the original tort-feasor and does not involve or necessitate a joinder of causes of action or a joinder of defendants. The principle that a tort-feasor is liable for the consequences of negligence of a physician whose treatment aggravated the original injury is based upon the reasoning "that the additional harm is either (1) a part of the original injury, (2) the natural and probable consequence of the tort-feasor's original negligence, or

(3) the normal incidence of medical care necessitated by the tort-feasor's original negligence." 22 Am. Jur. 2d, *Damages,* p. 165, sec. 113; Annot. (1965), *Torts— Negligent Treatment of Injury,* 100 A. L. R. 2d 808.

The rule is broadly stated in Restatement, *Torts* 2d, p. 496, sec. 457, as follows:

> **"Additional Harm Resulting From Efforts to Mitigate Harm Caused by Negligence**
> "If the negligent actor is liable for another's bodily injury, he is also subject to liability for any additional bodily harm resulting from normal efforts of third persons in rendering aid which the other's injury reasonably requires, irrespective of whether such acts are done in a proper or a negligent manner."

In the comment thereto it is plain the rule applies to additional harm from hospital or medical treatment and seems to be put on the basis of public policy to determine where the line of causation should end. *See also:* Restatement, *Torts* 2d, p. 478, sec. 447, *Negligence of Intervening Acts.* We think the rule applies to hospital care as well as medical care and covers this case.

This doctrine was adopted by Wisconsin in *Selleck v. Janesville* (1898), 100 Wis. 157, 75 N. W. 975, 41 L. R. A. 563, a defective sidewalk case, and the court said that if the injured person used ordinary care in selecting his doctor he was not responsible for the doctor's mistake in treating his injury but the original tort-feasor was. The rule of this case was followed on the second appeal in *Selleck v. Janesville* (1899), 104 Wis. 570, 80 N. W. 944, 47 L. R. A. 691, and applied in *Pawlak v. Hayes* (1916), 162 Wis. 503, 156 N. W. 464, where an employer was held liable for the malpractice of a physician when the physician's negligence occurred within ninety days after the original injury to the employee and resulted in an aggravation thereof. The theory of this liability was based on foreseeability as a basis for causation. This ground for enlarging the scope of the original tort-

feasor's liability is no longer viable in Wisconsin because foreseeability is now an element of negligence and not of causation. *Osborne v. Montgomery* (1931), 203 Wis. 223, 234 N. W. 372; *Pfeifer v. Standard Gateway Theater, Inc.* (1952), 262 Wis. 229, 55 N. W. 2d 29.

Doctors were also liable independently for the results of their own negligence and the doctrine was applied to give them the benefit of any general payments made by the original tort-feasor to the injured party. In *Hooyman v. Reeve* (1919), 168 Wis. 420, 170 N. W. 282, in a suit against the doctor, the court construed the release given by the injured employee to the employer to be broad enough to include the damage done by the doctor for which the original tort-feasor was liable. Likewise in *Retelle v. Sullivan* (1927), 191 Wis. 576, 211 N. W. 756, the release given by the injured party to the original tort-feasor was found broad enough to cover the element of damage due to the doctor's negligence.

None of these cases involved the joinder of the doctor with the original tort-feasor either in one cause of action or the joinder of separate causes of action. The original tort-feasor and the subsequent negligent doctor, even though his negligence aggravates the original injury, are not joint tort-feasors although they may have a joint liability in part; such joint liability does not give rise to any right of contribution. In *Fisher v. Milwaukee Electric Railway & Light Co.* (1920), 173 Wis. 57, 180 N. W. 269, the original tort-feasor who was sued for the damages including the aggravation done by the malpractice of the doctor was allowed to implead the doctor on a cross complaint on the theory of subrogation to the extent the plaintiff had a cause of action against the doctor but not on the theory of contribution. This case has been cited with approval in *Chicago & N. W. Ry. Co. v. Nye Schneider Fowler Co.* (1922), 260 U. S. 35, 43 Sup. Ct. 55, 67 L. Ed. 115.

We do not believe a negligent doctor who aggravates the original injury is liable for the damage directly caused by the original tort-feasor. The plaintiff argues he is, and there is language in *Bolick v. Gallagher* (1955), 268 Wis. 421, 67 N. W. 2d 860, to support this view. *Bolick* was a case against the doctor for malpractice in which the defense claimed credit for the amount of money received in settlement by the plaintiff from the original tort-feasor. After pointing out the original tort-feasor and the doctors were not joint tort-feasors but consecutive or successive tort-feasors, the court relied on 86 C. J. S., *Torts*, p. 951, sec. 35 [2] for its statement that the two tort-feasors' liability would be joint and several. The implication the doctor's liability was joint for the total amount of damages suffered by the plaintiff is erroneous and is not sustained by the authority cited and the statement is hereby withdrawn. While the text relied on is somewhat ambiguous, we now interpret it to mean that to establish joint liability the independent

---

[2] "Acts of Independent Tort-Feasors

"Where independent torts result in separate injuries, each tort-feasor is severably liable for his own torts, but it is generally held that, where independent torts concur to inflict a single injury, each tort-feasor is liable for the entire damage. . . .

"*Single, indivisible injury.* While there is language in some decisions to the effect that concert of action is necessary, at least in the case of willful torts, as a general rule where the separate and independent acts of several tort-feasors, especially where such acts are negligent, combine to produce directly a single injury, each is responsible for the entire result, even though his act alone, without the concurrence of the other tort, would not have caused the injury; and it is not necessary that they be acting together or in concert if their concurring torts occasion the injury. Where the independent tortious acts of two persons combine to produce an injury, each tort-feasor is liable for the entire damage, not on the ground that he is liable for the other tort-feasor's act, but because his own act is regarded as the proximate cause of the entire injury. The rule does not apply, however, where the independent act of one party does not contribute to the injury. . . ."

torts must concur in point of time to thereafter inflict a single injury. This is the usual two-car automobile-accident case where before any injury is sustained the forces of two sources of negligence combine. In such a case there is one cause of action in which the two tort-feasors liable for the entire damage may be joined. The *Bolick Case* did not consider the venue question or hold that two independent causes of action against different tort-feasors could be joined where they required different places of trial. In his concurring opinion Mr. Chief Justice CURRIE carefully pointed out that the liability of the doctor was solely for damages resulting from his own negligence and only to that extent was there a joint liability between the nonjoint tort-feasors. This view has found favor in *Lucas v. Juneau* (D. C. Alaska, 1955), 127 Fed. Supp. 730, and *Parchefsky v. Kroll Bros.* (1935), 267 N. Y. 410, 196 N. E. 308.

Because the defendants in the first cause of action are liable for the aggravation by the Wausau Hospital and so is the hospital, the aggravation is a common question to both causes of action and they could be united except for sec. 263.04, Stats. But it is argued that when the damages resulting from two independent torts are indivisible the separate causes of action against the two tort-feasors may be joined. This proposition was advanced in *Caygill v. Ipsen, supra,* and in *Fitzwilliams v. O'Shaughnessy* (1968), 40 Wis. 2d 123, 161 N. W. 2d 242. But these cases hold that two separate causes of action, one against the original tort-feasor, the other against the subsequent tort-feasor, resulting in an injury and aggravation thereof cannot be joined together in violation of sec. 263.04. *Caygill* involved two automobiles with a sufficient time-lag between the occurrence to give rise under the grouping-of-units test to two separate causes of action. The *Fitzwilliams Case* involved an automobile accident and a subsequent ambulance accident and it was held the plaintiff had two separate causes of

action which did not affect all parties and they therefore could not be joined contrary to sec. 263.04. The court did not apply the rule of the *Selleck Case* or Restatement, *Torts* 2d, p. 496, sec. 457, and thus did not find the original tort-feasor liable for the negligence of the ambulance driver. Thus there was no overlapping of liability. *See contra, Lucas v. Juneau, supra.* The argument based upon the indivisibility of damages was also rejected as a basis for joinder.

The appellant also relies on *Olson v. Siordia* (1964), 25 Wis. 2d 274, 130 N. W. 2d 827, but this case does no more than point out in the footnote a substantive rule of law in respect to the original tort-feasor's liability; it has nothing to do with joinder of actions. Unfortunately, in *Heims v. Hanke* (1958), 5 Wis. 2d 465, 93 N. W. 2d 455, the court following *Bolick* stated that when an injury was aggravated by the malpractice and the damages were inseparable the original tort-feasor and the successive tort-feasor were both liable for the entire damage. This is the first case vocalizing the concept of the impossibility of separating damages caused by separate tortfeasors being a basis of joint liability. The transition from a single injury, even though aggravated, to the inseparability of damages was made without notice. The language of this case to the effect the doctor's liability extends to damage resulting from the initial injury falls with our withdrawal of similar language in *Bolick*.

We think the idea of the inseparability of damages is an importation from other states and is foreign to our jurisprudence, at least since 1931 when our comparative negligence statute was enacted, sec. 895.045, Stats. We see no more difficulty in allocating damages to the respective negligence of two tort-feasors than we do in allocating the contribution of negligence of two tort-feasors to the injury and damages. While the problems are not identical, they are similar. It is quite true in some cases the proof is difficult but the law does not demand

the impossible. This problem was discussed in *Caygill* and the hardship recognized but rejected as a basis for joinder of separate causes of action in violation of sec. 263.04. For the arguments in favor of joinder on this ground, *see* Prosser, *Law of Torts* (3d ed. 1964), pp. 265, 266.

We are not unmindful of the language in Prosser, *Law of Torts* (3d ed.), *Joinder of Defendants*, p. 266, sec. 44, "Thus an earlier tortfeasor may be liable for the damages inflicted by a later one, while the later wrongdoer is not liable for the earlier damage; and yet there are obvious reasons of convenience for the joinder of both defendants in a single action." There is an observation in *Caygill* in a similar vein which refers to a single cause of action, but it should be a single action or suit. In sum, unless two tort-feasors can be considered as being proper defendants in a single cause of action, the respective causes of action against them cannot be joined contrary to sec. 263.04, Stats., and there exists no distinction or special rule involving the malpractice of doctors aggravating the original injury. This is not a case of a single cause of action against all defendants which would be governed by sec. 261.01 (12).

*By the Court.*—Order affirmed.