STATE of Wisconsin, Plaintiff-Respondent,

v.

Oscar A. RASH, Defendant-Appellant.†

Court of Appeals

*No. 02–0841–CR. Oral argument January 7, 2003.—Decided January 28, 2003.*

2003 WI App 32

(Also reported in 659 N.W.2d 189.)

† Petition to review denied 4-22-03.

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Peter M. Koneazny*, assistant state public defender of Milwaukee. There was oral argument by *Diana M. Felsmann*, assistant state public defender of Milwaukee.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *James E. Doyle*, attorney general, and *Lara M. Herman*, assistant attorney general. There was oral argument by *Lara M. Herman*.

Before Wedemeyer, P.J., Fine and Curley, JJ.

¶ 1. FINE, J. Oscar A. Rash appeals from judgments entered on his guilty pleas convicting him of armed robbery with threat of use of a dangerous weapon, *see* WIS. STAT. § 943.32(2), operating a motor vehicle to flee a law-enforcement officer, *see* WIS. STAT. § 346.04(3), and possessing a firearm although a felon, *see* WIS. STAT. § 941.29(2). He also appeals from the trial court's order denying his motion for postconviction relief. His only challenge on appeal is to the trial court's order that he pay $640 in restitution.[1] He contends that he did not cause the victim's loss and thus cannot be made to pay for it. We affirm.

## I.

¶ 2. The victim of the armed robbery to which Rash pled guilty, Erick Leon Ivory, testified at the postconviction hearing that he was walking to his locked car in a supermarket parking lot when Rash intercepted him and with a gun and an accomplice forced him into a van in which there may have been a third accomplice. Before being accosted, Ivory had used a remote-key to unlock his car doors. Rash and his accomplices drove off with Ivory and robbed him. Ivory's car was left behind unlocked. Someone other than Rash or his accomplices took it from the parking lot.

¶ 3. Twenty to thirty minutes after Ivory's abduction, police found Ivory's car—it was damaged and property in it had been taken. The State asked the trial court to make Rash pay restitution for the damage, even though it conceded that it had no evidence that

---

[1] Rash pled guilty before and was sentenced by the Honorable Laurence C. Gram, reserve judge. The Honorable Daniel L. Konkol denied Rash's motion for postconviction relief.

Ivory's car was either taken or entered by Rash or Rash's accomplices. The sentencing court ordered restitution, concluding erroneously that "one or more of the defendants," that is Rash or an accomplice, "were in [Ivory's] vehicle" and that, accordingly, the damage to Ivory's car and the "loss of property" from Ivory's car were "directly related to" Ivory's abduction and his being robbed. The postconviction court upheld the sentencing court's order, but on a different ground: namely, that Rash's abduction of Ivory left Ivory's car vulnerable to theft and damage, and that the resulting damage was thus "a clear consequence" of what Rash had done. We agree.

## II.

██

¶ 4. WISCONSIN STAT. § 973.20(1r) & (2) provide that a trial court "shall order the defendant to make full or partial restitution ... [i]f a crime considered at sentencing resulted in damage to or loss or destruction of property." The issue presented by this appeal is whether Rash may be forced to pay for damage and loss caused by someone else when it is reasonable to conclude that there would have been no loss or damage if Rash had not unlawfully abducted Ivory from the parking lot, leaving Ivory's car unlocked and vulnerable. We hold that the restitution order was proper.[2]

---

[2] As we have noted, the sentencing court based the restitution order on an inaccurate analysis of the facts presented to it at sentencing. This error was rectified by the postconviction court, which, as we have seen, held that Ivory would not have suffered the loss encompassed by the restitution order if Rash had not taken Ivory from the parking lot in the course of the armed robbery. *See State v. Holt*, 128 Wis. 2d 110, 124, 382

¶ 5.  A trial court's assessment of restitution is within its discretion; whether a restitution order comports with the statute, however, is subject to our *de novo* review. *State v. Canady*, 2000 WI App 87, ¶ 6, 234 Wis. 2d 261, 266, 610 N.W.2d 147, 149; *Smith v. Dodgeville Mut. Ins. Co.*, 212 Wis. 2d 226, 233, 568 N.W.2d 31, 34 (Ct. App. 1997) (application of statute is a question of law). *But see Canady*, 2000 WI App 87 at ¶ 12, 234 Wis. 2d at 268, 610 N.W.2d at 150 (in trial court's discretion whether there is sufficient nexus between the defendant's criminal conduct and damage for which restitution is ordered).

¶ 6.  "Before restitution can be ordered" under Wis. Stat. § 973.20(2) there must be "a causal nexus" between the "crime considered at sentencing" and the damage. *Canady*, 2000 WI App 87 at ¶ 9, 234 Wis. 2d at 267, 610 N.W.2d at 149. "In proving causation, a victim must show that the defendant's criminal activity was a 'substantial factor' in causing damage. The defendant's actions must be the 'precipitating cause of the injury' and the harm must have resulted from 'the natural consequence[s] of the actions.' " *Id.*, 2000 WI App 87 at ¶ 9, 234 Wis. 2d at 267, 610 N.W.2d at 150 (quoted sources omitted).

¶ 7.  *Canady* upheld a restitution order for damage caused by a police officer attempting to take Canady, who was charged with both burglary and resisting arrest, into custody. *Id.*, 2000 WI App 87 at ¶¶ 11–12, 234 Wis. 2d at 268–269, 610 N.W.2d at 150. A police

N.W.2d 679, 687 (Ct. App. 1985) (trial court order will be upheld if record supports result irrespective of the trial court's rationale).

officer arresting Canady thought that a pry bar in Canady's jacket could be used as a weapon and threw it out of Canady's reach; the pry bar struck and broke a glass door-pane. *Id.*, 2000 WI App 87 at ¶¶ 2, 11, 234 Wis. 2d at 265, 268, 610 N.W.2d at 148–149, 150. Upholding the trial court's order that Canady pay for the broken window, *Canady* noted that the requisite " 'precipitating cause' " did not mean that the defendant must have caused *directly* or even "intended or expected" the damage encompassed by the restitution order; it is sufficient if the defendant's "actions were a substantial factor" in causing the damage in a "but for" sense. *Id.*, 2000 WI App 87 at ¶¶ 9, 12, 234 Wis. 2d at 267, 268, 610 N.W.2d at 150 (quoted source omitted). Thus, "precipitating cause" merely means that the defendant's criminal act set into motion events that resulted in the damage or injury. "The phrase 'substantial factor' denotes that the defendant's conduct has such an effect in producing the harm as to lead the trier of fact, as a reasonable person, to regard it as a cause, using that word in the popular sense." *Merco Distrib. Corp. v. Commercial Police Alarm Co.*, 84 Wis. 2d 455, 458–459, 267 N.W.2d 652, 654 (1978). For example, in the civil-law context, the first tortfeasor is responsible for subsequent harm caused by those rendering aid to the injured plaintiff, irrespective of whether those rendering aid were negligent, *Butzow v. Wausau Mem'l Hosp.*, 51 Wis. 2d 281, 286–287, 187 N.W.2d 349, 351–352 (1971), or by subsequent tortfeasors whose contribution to the plaintiff's ultimate damages or injuries was a "foreseeable consequence" of the original tortfeasor's negligence, *Johnson v. Heintz*, 61 Wis. 2d 585, 600–602, 213 N.W.2d 85, 93–94 (1973).

¶ 8. The word "crime" as used in Wis. Stat. § 973.20(2) " 'encompass[es] all facts and reasonable inferences concerning the defendant's activity <u>related to</u> the 'crime' for which the defendant was convicted, not just those facts <u>necessary</u> to support the elements of the specific charge of which the defendant was convicted.' " *State v. Madlock*, 230 Wis. 2d 324, 333, 602 N.W.2d 104, 109 (Ct. App. 1999) (quoted source omitted, emphasis in quoted source). Thus, in ordering restitution, the sentencing court must "take[] a defendant's entire course of conduct into consideration" and not "break down the defendant's conduct into its constituent parts and ascertain whether one or more parts were a cause of the victim's damages." *Ibid.* (quoted source omitted). Additionally, a criminal cannot escape responsibility for restitution simply because he or she was not aware of the damage. *Id.*, 230 Wis. 2d at 336–337, 602 N.W.2d at 110; *cf. Butzow*, 51 Wis. 2d at 287, 187 N.W.2d at 352 ("forseeability" is element of negligence not of "causation"). Given the legislative concern that victims be made whole insofar as that is possible, a victim's burden of proof to show causation is certainly not higher than would be a plaintiff's comparable burden in a civil case, and, although we do not have to decide it here, may be substantially lower. *See State v. Blalock*, 150 Wis. 2d 688, 703, 442 N.W.2d 514, 520 (Ct. App. 1989) ("cases should be decided on the narrowest possible ground"). Here, it was reasonable for the postconviction court to conclude that but for Rash's crime, Ivory's car would not have been taken and damaged and that Ivory's property in the car would not have been stolen.

*By the Court.*—Judgment and order affirmed.