PER CURIAM.
¶1 Francis Rychtik, Sr., appeals a circuit court order of restitution arising out of his conviction for one count of homicide by intoxicated use of a vehicle and one count of injury by intoxicated use of a vehicle. Rychtik argues that the circuit court erred in determining that both the wife and mother of his victim were eligible for restitution. Rychtik also challenges the amount of restitution awarded. We conclude that the circuit court properly determined that the women were eligible for restitution. However, we also agree with the State's concession that the circuit court erred by including in its calculation of the amount of restitution the bereavement leave of the victim's wife. We therefore affirm in part, reverse in part, and remand with directions.
BACKGROUND
¶2 While intoxicated, Rychtik caused a six-car collision that resulted in the death of Jason Songer. Rychtik pled no contest to one count of homicide by intoxicated use of a vehicle and one count of injury by intoxicated use of a vehicle. After hearings on restitution, the circuit court ordered Rychtik to pay a total of $ 19,877.90 to his victims. The judgment included a $ 9,283.90 award to the Department of Justice Crime Victim Compensation Program for payments made to Songer's mother, Kathy Songer, for lost wages and mental health counseling.[1] The judgment also included an award of $ 2,506.56 in lost wages to Felicia Songer, Jason Songer's widow. Rychtik appeals.
DISCUSSION
¶3 Rychtik first contends that neither Kathy nor Felicia is eligible for restitution for lost wages. Wisconsin's restitution statute authorizes a court to order the defendant to "[p]ay an amount equal to the income lost, and reasonable out-of-pocket expenses incurred, by the person against whom a crime considered at sentencing was committed resulting from the filing of charges or cooperating in the investigation and prosecution of the crime." WIS. STAT . § 973.20(5)(b). Rychtik argues that his crime was against Jason Songer, so this statute does not authorize the circuit court to order restitution for Kathy or Felicia. The restitution statute also authorizes a court to order a defendant to "[p]ay all special damages ... which could be recovered in a civil action against the defendant." WIS. STAT . § 973.20(5)(a). Rychtik contends that relatives of a tort victim would not ordinarily be able to recover lost wages for missed work due to sadness or stress resulting from the tort.
¶4 Rychtik's arguments miss the mark for the reasons we articulated in State v. Gribble , 2001 WI App 227, ¶71, 248 Wis. 2d 409, 636 N.W.2d 488. Specifically, we explained that, for purposes of Wisconsin's restitution statute, the term " 'victim' ... is most reasonably interpreted using the definition in WIS. STAT. § 950.02(4)(a)." Id. That statute defines "victim" to include family members of a deceased victim. See WIS. STAT . § 950.02(4)(a)4. In turn, the definition of "family member" includes a parent or spouse of a victim. See § 950.02(3). Therefore, both Kathy and Felicia are eligible for restitution.
¶5 We now turn to Rychtik's arguments regarding the calculation of restitution for Kathy and Felicia.
Calculation of Restitution: Kathy Songer
¶6 Rychtik contends that the State did not meet its burden of showing that Kathy was entitled to restitution for lost wages and counseling costs. "We should construe the restitution statute broadly and liberally in order to allow victims to recover their losses as a result of a defendant's criminal conduct." State v. Anderson , 215 Wis. 2d 673, 682, 573 N.W.2d 872 (Ct. App. 1997). In order to award restitution, "there must be 'a causal nexus' between the 'crime considered at sentencing' and the damage." State v. Rash , 2003 WI App 32, ¶6, 260 Wis. 2d 369, 659 N.W.2d 189 (quoted source omitted). "Circuit courts have discretion in deciding on the amount of restitution and in determining whether the defendant's criminal activity was a substantial factor in causing any expenses for which restitution is claimed." State v. Johnson , 2002 WI App 166, ¶7, 256 Wis. 2d 871, 649 N.W.2d 284. The victim's "burden is not to prove that the actions were the sole factor," but rather to establish that the defendant's crime was a substantial factor in bringing about an injury. See State v. Behnke , 203 Wis. 2d 43, 58-59, 553 N.W.2d 265 (Ct. App. 1996).
¶7 The circuit court ordered Rychtik to pay $ 8,501.96 for Kathy's lost wages and $ 781.94 for Kathy's counseling costs. This aspect of the restitution order was based largely on the testimony of Sherry Stark, a claim specialist for the Department of Justice Crime Victim Compensation Program. Stark testified that the program paid Kathy for her lost wages based on a medical certification that Kathy had become disabled as a result of her son's death. Stark further testified that the program paid Kathy's counseling costs based on a written verification from the counselor that the counseling was "100 percent related to the crime." Based on this testimony, the circuit court properly exercised its discretion in determining that Rychtik's crime was a substantial factor in causing Kathy's damages. See id.
¶8 Rychtik nonetheless argues that the circuit court should have required Stark to produce the certifications on which the program relied.[2] Alternatively, Rychtik argues that Kathy should have been required to testify so that Rychtik could cross-examine her about possible alternate reasons for taking leave. The circuit court declined to order further discovery, explaining that it did not "need Ms. Songer to be victimized again." Rychtik argues that, without discovery, he was denied his right to cross-examine witnesses.
¶9 We disagree that Rychtik's rights were violated. "[A] restitution hearing is not the equivalent of a civil trial and does not require strict adherence to the rules of evidence and burden of proof." Anderson , 215 Wis. 2d at 677. Wisconsin's restitution statute provides that "[a]ll parties interested in the matter shall have an opportunity to be heard, personally or through counsel, to present evidence and to cross-examine witnesses called by other parties." WIS. STAT. § 973.20(14)(d). However, this provision also states that "[d]iscovery is not available except for good cause shown." Id. We therefore "presume[ ] no discovery will be permitted unless the defendant shows 'good cause.' " Johnson , 256 Wis. 2d 871, ¶30. " 'Good cause' is not a defined term, but it does indicate an affirmative obligation on [the defendant's] part." Id.
¶10 We see no developed argument from Rychtik that he made the required showing of good cause. Rychtik questions why Kathy did not stop working immediately after his crime, but instead stopped working months later. Rychtik speculates that there might have been a post-crime intervening cause. However, mere speculation is not sufficient to establish good cause for discovery. See id. (concluding that the defendant failed to show good cause for discovery regarding the victim's preexisting mental health issues where the defendant "made no effort to substantiate his speculation that the counseling sessions were excessive for the mistreatment he accorded [the victim]"). Also, the possibility that additional factors may have contributed to Kathy's lost wages or counseling has no bearing on whether Kathy is entitled to restitution. See Behnke , 203 Wis. 2d at 59 (rejecting the defendant's argument that restitution should be limited because the defendant was not the sole cause of the victim's mental health expenses).
¶11 Rychtik failed to file a reply brief. We therefore take him to have conceded the State's arguments that the circuit court properly exercised its discretion to award restitution for Kathy's lost wages and counseling costs without ordering additional discovery. See Fischer v. Wisconsin Patients Comp. Fund , 2002 WI App 192, ¶1 n.1, 256 Wis. 2d 848, 650 N.W.2d 75 ("An argument asserted by a respondent on appeal and not disputed by the appellant in the reply brief is taken as admitted.").
Calculation of Restitution: Felicia Songer
¶12 Felicia's restitution for lost wages included days in which she was in paid time-off status, days in which she received time off without pay, and days in which she received paid bereavement leave. Rychtik argues that the restitution order should not include periods of leave for which Felicia already received compensation from her employer.
¶13 We reject Rychtik's argument with respect to Felicia's paid time off. Rychtik acknowledges that the circuit court has discretion to require restitution for paid leave when the employer would otherwise compensate its employee for unused leave. See State v. Loutsch , 2003 WI App 16, ¶¶15-16, 259 Wis. 2d 901, 656 N.W.2d 781 (2002) (allowing a victim to recover paid time off as lost wages, based on evidence of the value of the victim's unused paid leave), overruled on other grounds by State v. Fernandez , 2009 WI 29, ¶5, 316 Wis. 2d 598, 764 N.W.2d 509. Here, the record indicates that Felicia would have been compensated for her unused paid time off at the end of her employment. Accordingly, we conclude that the circuit court properly exercised its discretion with respect to this portion of the restitution order.
¶14 However, Rychtik is correct that Felicia's bereavement leave does not qualify for the same treatment. Felicia's employer paid for ten days of bereavement leave, and Felicia testified that she would not have been compensated for unused bereavement leave. The State concedes that the circuit court erred when it included this bereavement leave in its restitution order. Accordingly, we will remand this matter to the circuit court for the limited purpose of subtracting the bereavement leave from Felicia's restitution award.
CONCLUSION
¶15 The parties agree that the circuit court erred in including Felicia's bereavement leave in its order of restitution. We therefore vacate this portion of the circuit court's restitution order and remand with directions that the circuit court amend the judgment to exclude bereavement restitution. We affirm the order in all other respects.
By the Court. -Order affirmed in part; reversed in part and cause remanded with directions.
This opinion will not be published. See WIS. STAT. RULE 809.23(1)(b)5.

Wisconsin's restitution statute authorizes the circuit court to order a defendant to "reimburse any insurer, surety or other person who has compensated a victim for a loss otherwise compensable under this section" if justice so requires. Wis. Stat . § 973.20(5)(d) (2015-16). Rychtik correctly points out that reimbursement to the Crime Victim Compensation Program depends on whether Kathy would be entitled to restitution for these losses.
All references to the Wisconsin Statutes are to the 2015-16 version unless otherwise noted.

Stark testified that the program was prohibited from releasing these documents without Kathy's consent, and that Kathy had refused permission to release her medical records.