COURT OF APPEALS
DECISION
DATED AND FILED

March 26, 2026

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2025AP96-CR**

Cir. Ct. No. **2023CF818**

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT IV

STATE OF WISCONSIN,

   PLAINTIFF-RESPONDENT,

 V.

CHARLES T. WASHINGTON WHITE,

   DEFENDANT-APPELLANT.

APPEAL from an order of the circuit court for Dane County: JOHN D. HYLAND, Judge. *Affirmed*.

Before Blanchard, Nashold, and Taylor, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1    PER CURIAM. Charles T. Washington White appeals a circuit court order requiring White to pay restitution for the funeral expenses incurred as

a result of White fatally shooting A.B. with a firearm that a jury convicted White of illegally possessing at the time of the shooting.[1]  We affirm.

**BACKGROUND**

¶2      White and his brother were leaving an apartment complex when they were confronted by A.B.  A.B. had a firearm visibly tucked into the waistband of his pants.  A.B. had a history of behaving violently toward White's brother due to a mutual interest in a woman who resided in the apartment complex where the confrontation occurred.  When A.B. got within several feet of White and his brother, White pulled a firearm from the pocket of his pants and fired four shots at A.B., causing A.B.'s death.  White was charged, in pertinent part, with first-degree intentional homicide and possessing a firearm as a felon.

¶3      The case proceeded to a jury trial.  White argued that he shot A.B. in self-defense and in defense of his brother.  The jury was instructed to consider the charges of first- and second-degree intentional homicide and the affirmative defenses of self-defense and the defense of others.  The jury returned a not guilty verdict for intentional homicide and a guilty verdict for possessing a firearm as a felon.

¶4      White was sentenced to time served for the firearm possession conviction and the State requested restitution for A.B.'s funeral expenses, which had been paid by the Crime Victims Compensation program ("the compensation

---

[1] Consistent with the policy of protecting victim privacy under WIS. STAT. RULE 809.86(4) (2023-24), we use initials that do not correspond to the victim's name.  All references to the Wisconsin Statutes are to the 2023-24 version.

program") pursuant to WIS. STAT. § 973.20.[2]  The purpose of the compensation program is to "provide sufficient assistance to victims of crime and their families in order to ease their financial burden and to maintain their dignity as they go through a difficult and often traumatic period."  WIS. STAT. § 949.001.  When the compensation program provides financial assistance to crime victims or their families, it may recover the amount of assistance from the defendant by obtaining a restitution order.   § 973.20(9)(a) ("If a crime victim is paid an award under subch. I of [WIS. STAT.] ch. 949 for any loss arising out of a criminal act, the state is subrogated to the rights of the victim to any restitution required by the court.").  Here, the compensation program paid A.B.'s funeral expenses and requested restitution from White, claiming its statutory subrogation right.

¶5     The circuit court held a restitution hearing.  The State argued that the compensation program is entitled to restitution for paying A.B.'s funeral expenses because the expenses were incurred as a result of White illegally possessing a firearm, conduct for which he was convicted, and because he used that firearm to kill A.B.   White argued there was no causal nexus between his crime of conviction—illegal possession of a firearm—and the compensation program's losses for paying A.B.'s funeral expenses because White's illegal possession of the firearm was not a "precipitating cause of the injury," as that phrase is used in case law that we discuss below.   Rather, White argued, A.B.'s aggressive

---

[2] The compensation program was created by WIS. STAT. ch. 949 and is administered by the Wisconsin Department of Justice ("the department."). *See* WIS. STAT. §§ 949.001, 949.02.  In the instance of a victim's death, the department may issue an award to "any person responsible for the maintenance of the victim who has … incurred expenses as a result of the … death," including for "[r]easonable funeral and burial expenses, not to exceed $5,000."  *See* WIS. STAT. §§ 949.05(2), 949.06(1)(d).

confrontation of him and his brother while A.B. displayed a firearm on his person was the precipitating cause of A.B.'s death and the resulting funeral expenses.

¶6 The circuit court concluded that there was a causal nexus between White's illegal possession of the firearm and the funeral expenses, reasoning that had White not illegally possessed the gun, he would not have been able to fatally shoot A.B., resulting in the funeral expenses. The circuit court ordered White to pay $5,000 in restitution to the compensation program for the funeral expenses. White appeals.

### APPLICABLE LEGAL PRINCIPLES AND STANDARD OF REVIEW

¶7 On appeal, we consider one issue: whether there was a causal nexus between White's conviction for illegally possessing a firearm and the compensation program's losses for paying A.B.'s funeral expenses.[3] A crime victim has a state constitutional and statutory right to restitution. *See* WIS. STAT. § 973.20(1r) ("the court … shall order the defendant to make full or partial restitution under this section to any victim of a crime considered at sentencing");

---

[3] We note that "there are two components to the question of whether restitution can be ordered. First, the claimant of restitution must be a 'direct victim' of the crime. Second, there must be a causal connection between the defendant's conduct and harm suffered by the claimant." *State v. Hoseman*, 2011 WI App 88, ¶16, 334 Wis. 2d 415, 799 N.W.2d 479. The State asserts on appeal that the compensation program is properly subrogated to the rights of A.B. as a crime victim. *See State v. Gribble*, 2001 WI App 227, ¶71, 248 Wis. 2d 409, 636 N.W.2d 488 (concluding "victim" in restitution statute, WIS. STAT. § 973.20(1r), is most reasonably interpreted by applying the definition in WIS. STAT. § 950.02(4)(a)); *see also* § 950.02(4)(a)1. (defining victim, in part, as "a person against whom a crime has been committed"). Neither in the circuit court proceedings nor in this appeal, in which White has not filed a reply brief, has White addressed the issue of whether A.B., and therefore the compensation program as the subrogated victim, was a "victim" for purposes of restitution. Therefore, we conclude that White has implicitly conceded that the compensation program is a proper victim in this case, eligible for restitution. *See United Coop. v. Frontier FS Coop.*, 2007 WI App 197, ¶39, 304 Wis. 2d 750, 738 N.W.2d 578 (appellant's failure to respond to arguments in a reply brief may be taken as a concession).

*see also* WIS. CONST. art. I, § 9m(2)(m) (crime victims are entitled to restitution). Imposing restitution is the rule rather than the exception because the primary purpose of restitution is to compensate victims of criminal conduct so they do not have to bear the financial burden of losses incurred. *State v. Madlock*, 230 Wis. 2d 324, 332-33, 602 N.W.2d 104 (Ct. App. 1999); *State v. Canady*, 2000 WI App 87, ¶8, 234 Wis. 2d 261, 610 N.W.2d 147. Therefore, Wisconsin courts construe the restitution statute, § 973.20, broadly in favor of application. *Madlock*, 230 Wis. 2d 324, 332-33. Victims have the initial burden to prove their losses and the amount of restitution by a preponderance of the evidence. § 973.20(14)(a). "Once this burden is satisfied, restitution is mandatory 'unless the court finds substantial reason not to do so and states the reason on the record.'" *State v. Muth*, 2020 WI 65, ¶16, 392 Wis. 2d 578, 945 N.W.2d 645 (citing § 973.20(1r)).

¶8 We review a circuit court's decision to award restitution for an erroneous exercise of discretion. *State v. Wiskerchen*, 2019 WI 1, ¶18, 385 Wis. 2d 120, 921 N.W.2d 730; *Canady*, 234 Wis. 2d 261, ¶6. "We look for reasons to sustain a [circuit] court's discretionary decision." *Wiskerchen*, 385 Wis. 2d 120, ¶18 (citation omitted). Under that standard, this court will uphold a circuit court's discretionary decision if "the circuit court examined the relevant facts, applied a proper standard of law, and, using a demonstrated rational process, reached a conclusion that a reasonable judge could reach." *State v. Jenkins*, 2007 WI 96, ¶30, 303 Wis. 2d 157, 736 N.W.2d 24 (citation omitted). We review "[w]hether the restitution statute, WIS. STAT. § 973.20, provides a circuit court with the authority to order restitution under a certain set of facts [as] a question of law that we review de novo." *State v. Haase*, 2006 WI App 86, ¶5, 293 Wis. 2d 322, 716 N.W.2d 526.

**DISCUSSION**

¶9      As noted, the sole issue here is whether the circuit court erroneously exercised its discretion in ordering that White pay restitution for A.B.'s funeral expenses because the court applied an improper standard of law in determining that there was a causal nexus between White's conviction for the illegal possession of a firearm and the resulting financial losses incurred by the compensation program.  Stated another way, we must determine whether the court erred in concluding that White's illegal possession of a firearm resulted in White discharging the firearm at A.B., causing A.B.'s death and the compensation program's losses for paying A.B.'s funeral expenses.

¶10     To obtain a restitution award, a victim has the burden of proving a "causal nexus" between the crime considered at sentencing and the loss sustained by the victim.  *Canady*, 234 Wis. 2d 261, ¶9 (citing WIS. STAT. § 973.20(2)).  In other words, the victim must show "that the defendant's *criminal activity* was a substantial factor in causing" pecuniary injury to the victim.  *State v. Johnson*, 2002 WI App 166, ¶16, 256 Wis. 2d 871, 649 N.W.2d 284 (emphasis added).  A "crime considered at sentencing" has been interpreted broadly by Wisconsin courts when it comes to awarding restitution and encompasses "all facts and reasonable inferences concerning the defendant's activity related to the 'crime' for which the defendant was convicted, not just those facts necessary to support the elements of the specific charge of which the defendant was convicted."  *Canady*, 234 Wis. 2d 261, ¶10 (citation omitted).

¶11     A defendant's criminal conduct constitutes a substantial factor in causing a loss for restitution purposes when the conduct was the requisite "precipitating cause of the injury and the [victim's] harm must have resulted from

the natural consequences of the actions." *Id.*, ¶9 (citing *Madlock*, 230 Wis. 2d at 333) (citation modified). "'[P]recipitating cause,' merely means that the defendant's criminal act set into motion events that resulted in the damage or injury." *State v. Rash*, 2003 WI App 32, ¶7, 260 Wis. 2d 369, 659 N.W.2d 189. The defendant need not have "caused directly or even 'intended or expected' the damage encompassed by the restitution order." *Id.* In other words, the victim's losses would not have resulted "but for" the defendant's criminal conduct. *Canady*, 234 Wis. 2d 261, ¶12.

¶12 We agree with the circuit court's conclusion that White's illegal possession of a firearm was a substantial factor in causing him to fatally shoot A.B., and in causing the compensation program's resulting financial losses. A precipitating cause of A.B.'s death was that White illegally possessed a firearm that he carried with him, pulled it from his pocket, and used it against A.B. Had White not illegally possessed the firearm, the chain of events which resulted in A.B.'s death would not have occurred, and the compensation program would not have incurred funeral expenses on A.B.'s behalf. Therefore, because White's illegal possession of the firearm was a substantial factor in causing A.B.'s death and the resulting funeral expenses, a causal nexus existed between White's criminal conduct and the compensation program's economic loss. Accordingly, the circuit court did not erroneously exercise its discretion when it awarded restitution to the compensation program.

¶13 White argues that his acquittal by a jury of intentional homicide breaks the chain of causation between the felon in possession of a firearm conviction and A.B.'s death because White's use of deadly force was not found to be unlawful. Therefore, White argues, he cannot be ordered to pay restitution. We are not persuaded.

¶14 In ordering restitution, the circuit court did not, and need not, determine that White committed any degree of intentional homicide. Rather, because the jury determined that White acted criminally by illegally possessing a firearm, the court needed to determine only whether there was a causal connection between White's entire course of conduct in illegally possessing the firearm and the losses the compensation program sustained in paying A.B.'s funeral expenses. *State v. Hoseman*, 2011 WI App 88, ¶16, 334 Wis. 2d 415, 799 N.W.2d 479. In other words, "but for" White's illegal possession of the firearm, White would not have been carrying the firearm in the pocket of his pants; he would not have pulled out the firearm and pointed the firearm at A.B.; he would not have discharged the firearm at A.B.; and he would not have caused A.B.'s death with the impact of the bullets from the firearm he discharged. As a result of White's entire course of conduct related to his illegal possession of a firearm, the court properly concluded that the compensation program sustained an economic loss in paying A.B.'s funeral expenses, entitling it to an award of restitution.

¶15 White fails to convince us that his acquittal for intentional homicide based on the affirmative defenses of self-defense or the defense of others absolves him of a restitution obligation for losses that were causally connected to his conviction for the illegal possession of a firearm. He cites *State v. Longmire* for the proposition that restitution may not be ordered for losses attributable to conduct that the law does not criminalize. 2004 WI App 90, ¶13, 272 Wis. 2d 759, 681 N.W.2d 534, *abrogated in part by State v. Harbor*, 2011 WI 28, ¶48, 333 Wis. 2d 53, 797 N.W.2d 828. However, as stated, White's illegal possession of a firearm is criminal conduct for which he was convicted. Therefore, *Longmire* is distinguishable and does not support White's argument.

¶16 In sum, White has not demonstrated that the circuit court erred as a matter of law in concluding that White's conviction for the illegal possession of a firearm was a substantial factor in causing A.B.'s death and the compensation program's losses in paying the funeral expenses.

## CONCLUSION

¶17 For the reasons set forth above, the circuit court's restitution order is affirmed.

*By the Court.*—Order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.