**2020 WI App 72**

# COURT OF APPEALS OF WISCONSIN
## PUBLISHED OPINION

Case No.:       2018AP2448

Complete Title of Case:

> **BRIAN NELSON AND STACY NELSON,**
>
> > **PLAINTIFFS-APPELLANTS,**
>
> **PAUL R. ROSENTHAL, ELENA J. ROSENTHAL, MICHAEL M. EASTON AND KARA N. EASTON,**
>
> > **INVOLUNTARY-PLAINTIFFS-APPELLANTS,**
>
> **AURORA HEALTH CARE INC. HEALTH AND WELFARE PLAN AND STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,**
>
> > **INVOLUNTARY-PLAINTIFFS,**
>
> > **V.**
>
> **DAVID LOESSIN AND ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY,**
>
> > **DEFENDANTS-RESPONDENTS.**

| | |
|---|---|
| Opinion Filed: | October 28, 2020 |
| Submitted on Briefs: | October 31, 2019 |
| Oral Argument: | |

| | |
|---|---|
| JUDGES: | Neubauer, C.J., Gundrum and Davis, JJ. |
| Concurred: | |
| Dissented: | |

Appellant
ATTORNEYS:     On behalf of the plaintiffs-appellants and involuntary plaintiffs-appellants, the cause was submitted on the briefs of *Kent A. Tess-Mattner* and *Amy Hetzner* of *Schmidt, Rupke, Tess-Mattner & Fox, S.C.*, Brookfield.

Respondent
ATTORNEYS:     On behalf of the defendants-respondents, the cause was submitted on the brief of *Dustin T. Woehl* and *John M. Swietlik, Jr.* of *Kasdorf, Lewis & Swietlik, S.C.*, Milwaukee.

**2020 WI App 72**

COURT OF APPEALS
DECISION
DATED AND FILED

October 28, 2020

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing.  If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals.  *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No.    **2018AP2448**

STATE OF WISCONSIN

Cir. Ct. No.  2018CV1384

**IN COURT OF APPEALS**

BRIAN NELSON AND STACY NELSON,

  PLAINTIFFS-APPELLANTS,

PAUL R. ROSENTHAL, ELENA J. ROSENTHAL, MICHAEL M. EASTON AND KARA N. EASTON,

  INVOLUNTARY-PLAINTIFFS-APPELLANTS,

AURORA HEALTH CARE INC. HEALTH AND WELFARE PLAN AND STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,

  INVOLUNTARY-PLAINTIFFS,

  V.

DAVID LOESSIN AND ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY,

  DEFENDANTS-RESPONDENTS.

APPEAL from an order of the circuit court for Racine County: EUGENE A. GASIORKIEWICZ, Judge. *Reversed and cause remanded with directions.*

Before Neubauer, C.J., Gundrum and Davis, JJ.

¶1 GUNDRUM, J. Paul and Elena Rosenthal and Michael and Kara Easton (collectively "the Rosenthals and Eastons") appeal from the circuit court's order[1] denying their motion to dismiss the third-party complaint filed by David Loessin and his insurer, Allstate Property and Casualty Insurance Company, (collectively "Loessin and Allstate") joining the Rosenthals and Eastons in a lawsuit filed against Loessin and Allstate by Brian and Stacy Nelson. We conclude the court erred in denying their motion; as a result, we reverse.

## *Background*

¶2 On October 14, 2017, the Nelsons, the Rosenthals, and the Eastons were traveling in a van driven by Paul Rosenthal when it was struck from behind by a vehicle driven by Loessin, who was allegedly impaired by alcohol. All six in the van are alleged to have suffered injuries. Having completed treatment for their injuries, the Nelsons filed suit against Loessin and Allstate on August 2, 2018, seeking compensatory and punitive damages. Loessin's auto insurance policy with Allstate afforded Loessin coverage in the amount of $100,000 per person and $300,000 per occurrence.

---

[1] This court granted leave to appeal the order. *See* WIS. STAT. RULE 809.50(3) (2017-18).

All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.

¶3     On October 22, 2018, Loessin and Allstate filed a third-party complaint naming the Rosenthals and Eastons as third-party defendants in the Nelsons' suit.   The third-party complaint states it is being filed against the Rosenthals and Eastons because each "may have suffered personal injuries as a result of the automobile accident that is the subject of [the Nelsons'] lawsuit and may assert a claim" against Loessin and Allstate.   Relying upon WIS. STAT. § 803.03, "Joinder of persons needed for just and complete adjudication," and WIS. STAT. § 803.05, "Third-party practice," the third-party complaint asserts that the Rosenthals and Eastons "must be joined in this action" as they are "necessary parties to [the Nelsons'] lawsuit because their absence leaves … Loessin and Allstate[] subject to a substantial risk of incurring double, multiple or otherwise inconsistent obligations by reason of their claimed interests."   The third-party complaint acknowledges that Loessin and Allstate assert no actual "claim" against the Rosenthals and Eastons[2] but demands judgment in the form of a "[d]etermination of any claim" of the Rosenthals and Eastons.

¶4     Three days after this filing, the Rosenthals and Eastons moved to dismiss the third-party complaint on the basis that they were improperly joined in the Nelsons' suit.   Accompanying the motion was the affidavit of counsel for the Rosenthals and Eastons (who is also counsel for the Nelsons), in which counsel averred that the Rosenthals and Eastons were "still actively treating [their injuries] or documentation of their damages ha[d] not yet been compiled" and "[n]o demand or negotiations have taken place with Allstate … because [the Rosenthals and

---

[2] No party suggests that anyone other than Loessin bears any responsibility for causing the accident.

3

Eastons'] claims cannot be fully proven with the information that is currently available" to counsel.

¶5    The circuit court denied the Rosenthals and Eastons' dismissal motion, stating that if the Rosenthals and Eastons "have no claim, they can simply abort their claim brought in as a third-party defendant." The court noted that the Nelsons were seeking punitive damages through their complaint and, apparently assuming the Rosenthals and Eastons would also seek punitive damages if they eventually filed suit, expressed that "if indeed punitives are available in this case," it would "not [be a] good use of the court['s] time" to hear testimony of Loessin's net worth "on one, two, or three different situations." The court stated, however, that it was "not sure [the Rosenthals and Eastons] should be third-party defendants"—as Loessin and Allstate's third-party complaint had named them— adding that they instead "should be dubbed involuntary plaintiffs." The court ultimately held that the Rosenthals and Eastons were properly joined as permissive parties under WIS. STAT. § 803.04 and added in a subsequent written order "that it is in the interest of judicial economy to join them in the [Nelsons'] lawsuit." The Rosenthals and Eastons petitioned for leave to appeal, which petition we granted.

*Discussion*

¶6    In their third-party complaint, Loessin and Allstate identified WIS. STAT. § 803.03 as a basis for joinder of the Rosenthals and Eastons in the Nelsons' suit. Then, in briefing before the circuit court, they "agree[d] that [the Rosenthals and Eastons] are not necessary parties [to the suit] under [§] 803.03." Now on appeal, Loessin and Allstate revert back to their original tune, arguing that the Rosenthals and Eastons are necessary parties under that statute and therefore are properly joined in the suit. Loessin and Allstate also assert that the Rosenthals and

4

Eastons were properly joined as third-party defendants because they are permissive parties under WIS. STAT. § 803.04 and additionally argue, for the first time, that joinder is proper based upon WIS. STAT. § 803.07, Wisconsin's interpleader statute. The Rosenthals and Eastons contend that none of the grounds relied upon by Loessin and Allstate provide a legal basis for joining them in the Nelsons' suit. We agree with the Rosenthals and Eastons and conclude that the circuit court erred in denying their motion to dismiss Loessin and Allstate's third-party complaint.

¶7    No facts are in dispute. We are, however, called upon to interpret various statutes and apply them to the undisputed facts, which are matters of law we review de novo. *Associated Bank, N.A. v. Brogli*, 2018 WI App 47, ¶22, 383 Wis. 2d 756, 917 N.W.2d 37. We begin with the question of interpleader.

*WIS. STAT. § 803.07*

¶8    In their third-party complaint and briefing before the circuit court, Loessin and Allstate made no suggestion that the Rosenthals and Eastons were properly joined based upon Wisconsin's interpleader statute, WIS. STAT. § 803.07. At the hearing on the Rosenthals and Eastons' motion to dismiss the third-party complaint, Loessin and Allstate's only mention of interpleader was a passing comment that they "don't know if this is an interpleader claim or not at this time." Despite having forfeited any interpleader argument by failing to develop one before the circuit court, *see* *State v. Kaczmarski*, 2009 WI App 117, ¶7, 320 Wis. 2d 811, 772 N.W.2d 702 ("We generally do not consider arguments not raised in the circuit court."), they nonetheless make this statute a primary focus on appeal. The plain language of § 803.07, however, makes clear that this provision does not support their third-party complaint.

¶9    WISCONSIN STAT. § 803.07 states:

> Persons having claims against the plaintiff may be joined as defendants and required to interplead when their claims are such that the plaintiff is or may be exposed to double or multiple liability.… A defendant exposed to similar liability may obtain such interpleader by way of cross claim or counterclaim….

The first sentence of this statute does not apply because the Rosenthals and Eastons have no "claim[] against the plaintiff[s]," the Nelsons. As to the last sentence, it clarifies that "defendant[s]," such as Loessin and Allstate, who are exposed to double or multiple liability, may obtain interpleader "by way of *cross claim* or *counterclaim*." Sec. 803.07 (emphasis added). Loessin and Allstate did not, however, file a cross claim or counterclaim. *Cf.* ***Grubbs v. General Elec. Credit Corp.***, 405 U.S. 699, 705 n.2 (1972) (noting that "the interpleader provided by [FED. R. CIV. P.] 22 must have some nexus with a party already in the case"; thus, "a defendant seeking interpleader must frame his pleading either as a cross-claim seeking relief against a co-party already in the lawsuit, or as a counterclaim seeking relief against the plaintiff").

*WIS. STAT. §§ 803.05 & 803.03*

¶10 Although Loessin and Allstate identified in their third-party complaint WIS. STAT. § 803.05, "Third-party practice," as a primary legal basis for that complaint, they make no reference to this statute in their appellate briefing. As recognized in the third-party complaint, however, third-party practice is governed by § 803.05. The statute provides in relevant part:

> (1) At any time after commencement of the action, a defending party, as a 3rd-party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action who is or may be *liable to the defending party* for all or part of the plaintiff's claim against the defending party, or who is *a necessary party* under [WIS. STAT. §] 803.03.

Sec. 803.05 (emphasis added). Because Loessin and Allstate's third-party complaint makes no allegation that the Rosenthals and Eastons are or may be liable to Loessin and Allstate (the "defending party"/"3rd-party plaintiff") for any part of the Nelsons' claim against Loessin and Allstate, the third-party complaint can only stand if the Rosenthals and Eastons are found to be necessary parties to the Nelsons' suit under § 803.03. Whether an individual is a necessary party is a question of law we review de novo. ***Dairyland Greyhound Park, Inc. v. McCallum***, 2002 WI App 259, ¶¶10-11, 258 Wis. 2d 210, 655 N.W.2d 474.

¶11 WISCONSIN STAT. § 803.03(1) provides that a person "shall be joined as a party" in an action "if":

> (a) In the person's absence complete relief cannot be accorded among those already parties; or
>
> (b) The person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may:
>
> 1. As a practical matter impair or impede the person's ability to protect that interest; or
>
> 2. Leave any of the persons already parties subject to a substantial risk of incurring double, multiple or otherwise inconsistent obligations by reason of his or her claimed interest.

¶12 Loessin and Allstate assert that WIS. STAT. § 803.03(1)(a) applies because the Nelsons, the Rosenthals, and the Eastons all are "seeking recovery from the same 'stake'" and the Rosenthals and Eastons "need to be joined for a complete and equitable apportionment and distribution" of that stake "to the Nelsons *as well as to the Eastons and Rosenthals*." (Emphasis added.) Loessin and Allstate misread this statute. Under its plain language, the only question is whether complete relief can be accorded among "those already parties" if the Rosenthals and Eastons are not joined in the suit. The Rosenthals and Eastons obviously were not "already

parties" when Loessin and Allstate filed their third-party complaint, and based upon the record, there is simply no reason to believe complete relief cannot be accorded among the Nelsons, Loessin, and Allstate.

¶13    Consideration of *Field v. Volkswagenwerk AG*, 626 F.2d 293, 301 (3rd Cir. 1980), highlights the inapplicability of WIS. STAT. § 803.03(1)(a) to this case. *See State v. Evans*, 2000 WI App 178, ¶8 n.2, 238 Wis. 2d 411, 617 N.W.2d 220 ("[W]here a state rule mirrors [a] federal rule, we consider federal cases interpreting the rule to be persuasive authority."); *see also Helgeland v. Wisconsin Muns.*, 2008 WI 9, ¶129 & n.105, 307 Wis. 2d 1, 745 N.W.2d 1 (noting that § 803.03(1) "is based on Rule 19(a) of the Federal Rules of Civil Procedure").[3]

¶14    In *Field*, van driver Ivana Field and her minor stepson, a passenger, were injured in an accident in which Ivana's husband, another passenger, was killed. *Field*, 626 F.2d at 295. An action was filed against the vehicle manufacturer on behalf of the minor and the deceased. *Id.* On the question of whether Ivana, who

---

[3] Rule 19(a) of the Federal Rules of Civil Procedure reads in relevant part:

(a) **Persons Required to Be Joined if Feasible.**

(1) *Required Party.* A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:

(A) in that persons' absence, the court cannot accord complete relief among existing parties; or

(B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:

(i) as a practical matter impair or impede the person's ability to protect the interest; or

(ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

had her own, individual claim against the manufacturer of the van, was a necessary party, under FED. R. CIV. P. 19, to the action, the court determined she was not. *Field*, 626 F.2d at 302.

¶15     In addressing whether "complete relief" could be accorded "among those already parties," the *Field* court noted that this provision "refers to relief as between the persons already parties, not as between a party and the absent person whose joinder is sought." *See id.* at 301 (citation omitted).  The court concluded:

> If the right of either Michael Field [(the stepson)] or Arthur Field's estate to relief against VWAG were established, these parties would be awarded a judgment; if their claims are not sustained, their complaint would be dismissed.  In either event, the district court will be able to grant complete relief as between the parties without the joinder of Ivana, and, as we have shown above, it is unnecessary to join Ivana as a party in order to enable VWAG to defend against these claims.

*Id.*

¶16     As with the stepson and husband in *Field*, in the case now before us, if the right of either of the Nelsons to relief against Loessin and Allstate is established, he and/or she will be awarded a judgment; if either fails to sustain his or her claim, the complaint will be dismissed as to that individual.  *See id.*  In either case, the circuit court will "be able to grant complete relief as between [the Nelsons and Loessin and Allstate] without the joinder of [the Rosenthals and Eastons]."  *See id.*  As the Rosenthals and Eastons assert in the instant case, "[t]he Nelsons' claims for damages against Loessin and Allstate can be fully determined and resolved without the involvement of the Rosenthals or the Eastons," and thus, WIS. STAT. § 803.03(1)(a) provides no basis for the joining of the Rosenthals and Eastons as necessary parties to the Nelsons' suit.

¶17 Loessin and Allstate also assert that the Rosenthals and Eastons are properly joined under WIS. STAT. § 803.03(1)(b). Again, that provision provides that a person must be joined as a party if:

> The person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may:
>
> 1. As a practical matter impair or impede the person's ability to protect that interest; or
>
> 2. Leave any of the persons already parties subject to a substantial risk of incurring double, multiple or otherwise inconsistent obligations by reason of his or her claimed interest.

Sec. 803.03(1)(b).

¶18 To begin, noticeably absent from Loessin and Allstate's third-party complaint is any allegation that the Rosenthals and Eastons are "claim[ing] an interest" related to the subject of the Nelsons' suit. Indeed, the third-party complaint states it is being filed against the Rosenthals and Eastons because each "*may* have suffered personal injuries as a result of the automobile accident that is the subject of [the Nelsons'] lawsuit and *may assert a claim*" against Loessin and Allstate. (Emphasis added.) Furthermore, counsel for the Rosenthals and Eastons averred that, at least at the time Loessin and Allstate filed their third-party complaint, neither the Rosenthals nor the Eastons had engaged in negotiations with or made any demand of Loessin and Allstate. Thus, even if they may have had a "claim" that they could potentially bring against Loessin and Allstate—simply by virtue of being injured in the crash—they were not actually "claim[ing an] interest" related to the subject of the Nelsons' suit, which is required for WIS. STAT. § 803.03(1)(b) to apply. As a result, § 803.03(1)(b) does not support joinder of the Rosenthals and Eastons.

¶19    Furthermore, as to WIS. STAT. § 803.03(1)(b)1. specifically, "the relevant inquiry" related to whether a prospective party has an "interest" is "not whether a prospective party has a legal or legally protected interest in the subject of an action, but whether the person or entity has an interest of such *direct and immediate character* that [the prospective party] will either gain or lose by the *direct operation of the judgment*." ***Koschkee v. Evers***, 2018 WI 82, ¶21, 382 Wis. 2d 666, 913 N.W.2d 878 (alteration in original; emphasis added) (citing ***Dairyland Greyhound Park, Inc.***, 258 Wis. 2d 210, ¶15).  Here, the Rosenthals and Eastons do not have an interest of such direct and immediate character that they will gain or lose by direct operation of a judgment in the Nelsons' suit.

¶20    Under Loessin's policy with Allstate, insurance coverage is limited to $100,000 per person and $300,000 per occurrence.  Thus, while the record provides no clear indication of the value of either of the Nelson's claims, much less reason to believe each of the Nelsons would be awarded $100,000 based upon his/her injuries, even if each was awarded that amount, that $200,000 would not exhaust the limits of the policy.  Moreover, the record also provides no indication of the extent of the Rosenthals and Eastons' injuries from which we could even reasonably speculate that if they did make claims against Loessin and Allstate, that those claims would come close to exhausting the $300,000 per occurrence limit when added to any recovery of the Nelsons.  As Loessin and Allstate themselves acknowledge in

their response brief, they "can only guess as to the potential value" of the Rosenthals and Eastons' claims.[4]

¶21    Thus, when Loessin and Allstate filed their third-party complaint, the Rosenthals and Eastons' interests in the Nelsons' suit were more speculative and tangential than "of such direct and immediate character that [they would] either gain or lose by the *direct* operation of the judgment." *See* **Koschkee**, 382 Wis. 2d 666, ¶21 (emphasis added; citation omitted).  On this record, we cannot conclude "[a]s a practical matter," *see* WIS. STAT. § 803.03(1)(b)1., that the Rosenthals' or Eastons' ability to protect their interests may be impaired or impeded if they are not joined in the Nelsons' suit, and thus, § 803.03(1)(b)1. does not support Loessin and Allstate's claim that the Rosenthals and Eastons are necessary parties to the Nelsons' suit.[5]

¶22    Loessin and Allstate also claim that the Rosenthals and Eastons are necessary parties to the Nelsons' suit under WIS. STAT. § 803.03(1)(b)2.  This provision provides that a person must be joined in a lawsuit if:

> (b)  The person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may:

---

[4] The record also indicates that at least certain of the Rosenthals and Eastons have underinsured motorist coverage available to them as counsel for the Rosenthals and Eastons has averred that "[g]iven the UIM coverage under various policies owned by [the Rosenthals and Eastons], it appears to provide enough coverage for all of these injured parties to be fully compensated for their compensatory damages."  Furthermore, Loessin himself is a potential source of funds, if awards to the Nelsons, the Rosenthals, and the Eastons should exceed the $300,000 limit.

[5] This conclusion is only bolstered by the fact that the Rosenthals and Eastons—who would obviously have the best knowledge of the extent of their injuries—are the ones arguing to be kept *out* of the Nelsons' suit.  If there was a significant risk they could lose out on financial recovery based upon the "direct operation of the judgment" in the Nelsons' suit, they would presumably be fighting *to be joined* in the suit.

….

> 2. Leave any of the persons already parties subject to a substantial risk of incurring double, multiple or otherwise inconsistent obligations by reason of his or her claimed interest.

*Id.* As already indicated, the Rosenthals and Eastons are not necessary parties under § 803.03(1)(b)2. because they were not "claim[ing] an interest" related to the crash at the time Loessin and Allstate filed their third-party complaint joining them in the Nelsons' suit. *See supra* ¶18. Nevertheless, we will consider whether § 803.03(1)(b)2. would otherwise require the joinder of the Rosenthals and Eastons.

¶23 At the outset, we note that in their brief-in-chief, the Rosenthals and Eastons provide extensive argument for why they are not necessary parties under this subdivision. Loessin and Allstate do not directly respond to these arguments but instead revert back to asserting that they are necessary parties because of the interpleader statute, WIS. STAT. § 803.07. This is an insufficient response. To begin, WIS. STAT. § 803.03(1)(b)2. makes no reference to § 803.07, and thus this latter statute plays no role in our consideration of the former. Furthermore, as we have already explained, § 803.07 has no application to this case. *See supra* ¶¶8-9.

¶24 Loessin and Allstate assert that "[f]ailing to join the [Rosenthals and Eastons] would … expose Loessin to the risk of inconsistent obligations for punitive damages." Loessin and Allstate state that the Nelsons, the Rosenthals, and the Eastons should not be "entitled to up to five attempts at proving the exact same thing—that Loessin's conduct rose to the level warranting punishment in the form of punitive damages" and assert, briefly, that it would be a "waste [of] judicial resources" to allow the Rosenthals and Eastons more than one kick at the cat to prove punitive damages.

13

¶25     Again, at the time the third-party complaint was filed, the Rosenthals and Eastons had not engaged in negotiations with Loessin and Allstate, made a demand of them, or filed suit against them, much less filed a suit seeking punitive damages. Additionally, Loessin and Allstate write as if any claims of the six individuals should be treated as one collective claim, but they provide no legal authority suggesting that separate, individual lawsuits arising out of the same accident are not permissible.[6] They also provide no legal authority to support their assertion that consideration of judicial resources is a basis for joinder under WIS. STAT. § 803.03(1)(b)2. Loessin and Allstate additionally develop no argument that individual lawsuits would create a "substantial risk of incurring double, multiple or otherwise inconsistent obligations" and fail to respond to the Rosenthals and Eastons' extensive briefing and legal authority regarding the difference between inconsistent "obligations" and inconsistent "results."[7] Here, Loessin and Allstate

---

[6] The *Field v. Volkswagenwerk AG*, 626 F.2d 293, 301 (3rd Cir. 1980), court noted:

> [A]s Professor Moore has emphasized, … the possibility of a subsequent adjudication that may result in a judgment that is inconsistent as a matter of logic, [does not] trigger the application of Rule 19. For when, as alleged here, "several persons are injured by the same tort and proof of damage is individual, the fact that want of estoppel may leave a defendant who has defended successfully against one of the injured parties with the risk that he will be liable to another in a subsequent suit does not make it necessary that all of the punitive plaintiffs … be joined in the same suit."

*Id.* at 301-02 (citing 3A MOORE'S FEDERAL PRACTICE § 1907-1(2.-2) (2d ed. 1979)). "While it is true," the court added, "that the Federal Rules encourage the joinder of parties where such joinder would appear to avoid multiple actions or unnecessary delay and expense, this practice should not penalize bona fide litigants who have a valid cause of action, choose the forum which they think proper, and ask for specific relief." *Field*, 626 F.2d at 302.

[7] We find some of this authority instructive:

argue about inconsistent results; however, § 803.03(1)(b)2. mandates joinder only in the circumstance of double, multiple or inconsistent obligations.

¶26    Because "none of the criteria set forth in WIS. STAT. § 803.03(1) is fulfilled," that provision "cannot serve as authority for joining [the Rosenthals and Eastons] as … necessary part[ies]."  *See **Koschkee***, 382 Wis. 2d 666, ¶23.  We concur with Loessin and Allstate's concession in their briefing before the circuit court that the Rosenthals and Eastons "are not necessary parties [to the Nelsons' suit] under [§] 803.03."

---

"Inconsistent obligations" are not … the same as inconsistent adjudications or results.  Inconsistent obligations occur when a party is unable to comply with one court's order without breaching another court's order concerning the same incident.  Inconsistent adjudications or results, by contrast, occur when a defendant successfully defends a claim in one forum, yet loses on another claim arising from the same incident in another forum.  Unlike a risk of inconsistent obligations, a risk that a defendant who has successfully defended against a party may be found liable to another party in a subsequent action arising from the same incident—i.e., a risk of inconsistent adjudications or results—does not necessitate joinder of all of the parties into one action pursuant to FED. R. CIV. P. 19(a).  Moreover, where two suits arising from the same incident involve different causes of action, defendants are not faced with the potential for double liability because separate suits have different consequences and different measures of damages.

*Delgado v. Plaza Las Americas, Inc.*, 139 F.3d 1, 3 (1st Cir. 1998) (citations omitted).

15

*WIS. STAT. § 803.04*

¶27 At the hearing on the Rosenthals and Eastons' motion to dismiss and in its written order, the circuit court stated that it was denying the motion and sustaining the joinder of the Rosenthals and Eastons in the Nelsons' suit based solely on WIS. STAT. § 803.04, "Permissive joinder of parties." Despite Loessin and Allstate making no mention of § 803.04 in their third-party complaint, they argue on appeal that § 803.04 provides another basis for joinder. They are mistaken.

¶28 Whether a matter is permissibly joinable under WIS. STAT. § 803.04 is a question of law we review independently. *See **Kluth v. General Cas. Co.***, 178 Wis. 2d 808, 815, 505 N.W.2d 442 (Ct. App. 1993); ***Bourne v. Melli Law, S.C.***, No. 2017AP1166, unpublished slip op. ¶¶18-20 (WI App Nov. 21, 2018).

¶29 WISCONSIN STAT. § 803.04(1) provides:

> (1) PERMISSIVE JOINDER. All persons may *join in* one action *as plaintiffs if they assert any right to relief* jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all these persons will arise in the action. All persons may *be joined in one action as defendants if* there is asserted against them jointly, severally, or in the alternative, any *right to relief* in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action. A plaintiff or defendant need not be interested in obtaining or defending against all the relief demanded. Judgment may be given for one or more of the plaintiffs according to their respective rights to relief, and against one or more defendants according to their respective liabilities.

(Emphasis added.) In their briefing, Loessin and Allstate make scant reference to the actual language of § 803.04 and fail to sufficiently develop an argument for why the Rosenthals and Eastons are joinable to the Nelsons' suit under this statute. *See*

16

*Barakat v. DHSS*, 191 Wis. 2d 769, 786, 530 N.W.2d 392 (Ct. App. 1995) (reviewing court need not address "amorphous and insufficiently developed" arguments). Nevertheless, we will address § 803.04.

¶30 The first two sentences provide the operative basis for permissive joinder, and neither applies to this case. As to the first sentence, it does not apply because at the time the third-party complaint was filed, the Rosenthals and Eastons were not seeking to "join in" the Nelsons' suit "as plaintiffs" and were not "assert[ing] any right to relief." *See Field*, 626 F.2d at 299 (expressing that under FED. R. CIV. P. 20, upon which WIS. STAT. § 803.04 is based, *see Kluth*, 178 Wis. 2d at 817-18, "joinder of plaintiffs 'is at the option of *the plaintiffs*;' it cannot be demanded as a matter of right by the defendant" (emphasis added)). As to the second sentence, it does not apply because the Rosenthals and Eastons were not joined in the Nelsons' suit as "defendants" but as third-party defendants. We see no basis under which § 803.04 supports the joining of the Rosenthals and Eastons in the Nelsons' suit.

¶31 Because Loessin and Allstate have presented no lawful basis for their third-party complaint joining the Rosenthals and Eastons in the Nelsons' suit as third-party defendants, we remand this matter to the circuit court for dismissal of the third-party complaint.

*By the Court.*—Order reversed and cause remanded with directions.

17